[Civ. No. 438.   Second Appellate District.—December 20, 1907.]

## UNITED STATES NATIONAL BANK OF PORTLAND, Respondent, v. J. H. WADDINGHAM, Appellant.

PROMISSORY NOTE—UNCERTAIN PROVISIONS AS TO INTEREST—PENAL CLAUSE AFTER MATURITY—CONSTRUCTION—INTENTION OF PARTIES.—A promissory note made payable three months after date, with the words written therein, "without interest until paid," and the words printed at the end, "should not this note be paid at maturity, it shall thereafter bear interest at the rate of two per cent per month," should be construed so as to give effect to every part, including the penal clause, which must be deemed intended by the parties to modify the first provision so as to mean, "without interest until paid" at or before maturity.

ID.—CONSTRUCTION AGAINST PROMISOR.—Under section 1654 of the Civil Code, an uncertainty in the language of a contract is to be interpreted most strongly against the party who caused the uncertainty to exist, the promisor being presumed to be such party. This rule supports the construction given to the promissory note in question, the promisor having. selected a blank form having a penal clause.

ID.—ACTION UPON NOTE—COMPUTATION OF INTEREST—ERRONEOUS JUDGMENT.—In an action upon the note in question, the proper course in allowing interest is to compute the interest at the rate fixed in the note from its maturity to the date of decision, and add it to the principal, which amount must thereafter bear interest at the legal rate. It was error to provide in the judgment that the note shall bear interest at the rates fixed therein until execution on the judgment.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. P. James, Judge.

The facts are stated in the opinion of the court.

Theo. Martin, and Grant Jackson, for Appellant.

The written clause in the note "without interest until paid," being absolutely inconsistent with the printed clause, must prevail over it. (Civ. Code, sec. 1651; *Vorwerk* v. *Nolte,* 87 Cal. 236, 25 Pac. 412; *Darby* v. *Arrowhead Hot Springs etc. Co.,* 97 Cal. 384, 32 Pac. 454; *Yoch* v. *Home Mutual Ins. Co.,* 111 Cal. 503, 509, 44 Pac. 189.) The written words "until paid" cannot be shorn of their meaning, and cannot harmonize with the words "until maturity," which were not used by the parties. The court is not at liberty to import words into a contract making it materially different in a stated particular. (*Gavinzel* v. *Crump,* 22 Wall. 319; *Harrison* v. *Fortlage,* 161 U. S. 63, 16 Sup. Ct. Rep. 488; *Utley* v. *Donaldson,* 94 U. S. 29.)

Lawler, Allen & Van Dyke, for Respondent.

The intention of the parties at the time of the making of the note must be respected. (Civ. Code, secs. 1636, 1639, 1640; *Collier* v. *Field,* 1 Mont. 612.) The whole contract must be taken together, and effect given to every part, if possible. (Civ. Code, sec. 1641.) The contract is to be construed against the promisor. (Civ. Code, sec. 1654.) The obvious intention of the parties on the face of the note selected by the promisor was that the note should bear no interest until the date fixed for payment, and that, after maturity, interest should be paid at two per cent per month. A contract is presumed to be made with a view to its performance as agreed. (*Collier* v. *Field,* 1 Mont. 612.)

TAGGART, J.—Action on promissory note. Judgment for plaintiff and defendant appeals.

Defendant on August 1, 1905, executed to plaintiff's assignor a promissory note for $2,000, using for that purpose a blank form as follows:

"$———         Los Angeles, Cal., ——————, 190—.

"On ——————, 190—, at three o'clock P. M. of that day (no grace) for value received, I promise to pay to the order of ——————, ——— dollars, at the Los Angeles National Bank, *with interest payable monthly at the rate of* ———

*per cent. per* ———— until paid.   [If said interest be not paid when due, it shall be added to the principal, and bear interest at the same rate as the principal, and the whole amount of principal and interest shall thereafter be due and payable at the option of the payee.]   Principal and interest payable in Gold Coin of the United States; and should this note not be paid at maturity it shall thereafter bear interest at the rate of two per cent. per month.''   (The italics and brackets are inserted for purpose of reference.)

The amount ($2,000), date (August 1, 1905), day when due (November 1, 1905), and the name of the payee (Caples Bros., Portland, Oregon), were inserted in the proper blanks in the form; the words italicized were erased by running a pen through them, and there was written immediately above them the words, ''without interest.''

It is conceded that the portion of the note included in the brackets has no bearing upon the question to be considered upon this appeal, which is: Was it the intention of the parties to said note that the principal should bear interest as provided in the last clause of the note?

The agreement that the principal shall bear interest at the rate of two per cent per month after maturity is irreconcilable with the promise ''without interest until paid.''   The words ''until paid'' are a part of the original form, and the words ''without interest'' are the only written part of the instrument to be considered in applying the rule of section 1651 (Civ. Code) that the written parts control the printed parts. In seeking to ascertain the intention of the parties from the writing, it will be observed, first, that the maker of the note selected from the various current blank forms of promissory notes one containing a penal clause.   If instead of erasing the reference to per cent and interest the maker had inserted some rate of interest, say six per cent, the note would then have read, ''with interest payable monthly, at the rate of six per cent. per annum until paid.''   It would not, we think, or at least could not legally be said, that the maker intended by the use of the word ''paid'' to render ineffective the penal clause in the note increasing the interest to two per cent after maturity.   If the expression *''with* interest until paid'' should be construed so as to render the penal clause effective, the same rule would render such a construction proper where the expression used was *''without* interest until paid.''   Giv-

ing effect thus to every part of the contract, so far as possible, the last interest clause was evidently intended to modify the first, if payment were not made prior to the maturity of the note—that is, on or before November 1, 1905.

This construction is also supported by the rule of section 1654 of the Civil Code, that an uncertainty in the language of a contract is to be interpreted most strongly against the party who caused the uncertainty to exist, the promisor being presumed to be such party.

The conclusion of the court that plaintiff was entitled to recover judgment for $2,000, with interest thereon at the rate of two per cent per month from November 1, 1905, was correct, but would have been better expressed had the computation of interest been made and the whole amount of the principle and interest due at the date of the finding stated therein. The judgment as framed apparently entitles the plaintiff to continue to enjoy the benefit of the two per cent per month interest clause until execution on the judgment. This is improper.

The statute provides (Code Civ. Proc., sec. 1035), "the clerk must include in the judgment entered up by him any interest on the verdict or decision of the court from the time it was rendered or made." The interest after verdict or decision must be computed at the legal rate upon the aggregate amount of the principle and interest due at the contract rate at the time of the decision or verdict was rendered. (*Murdock* v. *Clark*, 88 Cal. 394, [26 Pac. 601].) The theory of the law is not that the party recover the particular note or chose in action, but that he recover a fixed and definite sum as damages for the nonperformance of the contract, and in cases of failure to pay money due, the true measure of damage is the amount of money owing and the interest that was agreed upon. The amount of the judgment being ascertained, the statute steps in and regulates the rate at which it shall bear interest. (*Guy* v. *Franklin*, 5 Cal. 417.) The rule is not affected by the judgment being formulated by the court instead of the clerk. (*Barnhart* v. *Edwards*, 128 Cal. 575, [61 Pac. 176].)

That there may be no uncertainty in this respect the judgment should be modified so as to state the total sum of principal and interest due at the date of the rendition of the decision (findings) in accordance with the foregoing opinion,

which appears from the record to have been on July 20, 1906. Eight months and nineteen days' interest at two per cent per month on $2,000 would be $345.33. The amount of the judgment, then, should be $2,345.33, entered as of July 20, 1906. The statute provides the rate of interest thereon.

It is therefore ordered that the superior court modify said judgment by striking out the words and figures "two thousand (2,000) dollars, together with interest thereon from November 1, 1905, at the rate of two (2) per cent a month," and inserting in lieu thereof the words and figures "two thousand three hundred and forty-five and 33/100 ($2,345.33) dollars"; and, when said judgment is so modified, it is affirmed.

Allen, P. J., and Shaw, J., concurred.