[Civ. No. 8725.  First Appellate District, Division Two.—November 15, 1932.]

HORTENSE S. TROY, Respondent, v. ROBERT P. TROY, Appellant.

Robert P. Troy, *in pro. per.*, and H. H. McPike for Appellant.

Walter H. Sprague for Respondent.

STURTEVANT, J.—On March 20, 1922, the plaintiff was awarded a judgment against the defendant for $17,000, with interest at six and one-half per cent per annum from the first day of January, 1916. The defendant appealed. The judgment was affirmed. (*Troy* v. *Troy*, 72 Cal. App. 757 [238 Pac. 143].) The *remittitur* issued and was filed in the county clerk's office July 27, 1925. Thereafter, on September 8, 1925, the defendant paid $27,587 on the judgment. When he made that payment the plaintiff's attorneys delivered to him a receipt in words and figures as follows, to wit:

"Partial satisfaction of judgment and receipt for $27587.00 on account of judgment.

"We, the undersigned attorneys for plaintiff herein, the plaintiff herein and all parties claiming any interest in the judgment which was made given and entered herein on March 20, 1922, hereby acknowledge that Robert P. Troy the defendant herein, has paid to us the sum of $27587.00 to be applied to the payment of said judgment and in partial satisfaction thereof to said extent, and that we have received said sum from him and have applied the same to

the partial satisfaction of and the partial payment of said judgment to said extent, and that to the extent of and in the sum of $27587, said judgment is paid and satisfied and discharged, and the clerk of the above entitled court is hereby authorized and directed to enter partial satisfaction of record of said judgment to the extent of and in the sum of $27587.00, which however, we claim to be a partial payment only of said judgment, which still remains unpaid and unsatisfied to the extent of $2010.72 which last named sum we contended is still due, owing and unpaid from him under and by virtue of the terms of said judgment:

"We admit that said judgment does not draw any interest from the 27th day of July 1925 until the restraining order which prevents him from paying said judgment, is to that extent discharged, in the action in the above entitled court, No. 158,499, wherein The Hibernia Savings and Loan Society is plaintiff and Hortense S. Troy et al. are defendants.

"The parties hereto being unable to agree as to the exact amount which is due under the terms of said judgment, we agree to the end that a judicial determination of said amount may be rendered, to apply to the above entitled court on motion duly made on five days notice to said defendant, for the issuance of a writ of execution against the property of said defendant for the amount of said judgment which we claim is still due and owing and unpaid from said defendant, and we agree that we will proceed to make and present said motion to said court within thirty days after the delivery of this partial satisfaction of judgment to said defendant.

"Dated, September 3d, 1925."

Thereafter on September 10, 1925, the plaintiff applied for an execution in the sum of $2,010.72. The application was heard on October 16, 1925. The plaintiff introduced evidence both oral and documentary. The defendant was called as a witness and was examined and cross-examined. On his direct examination the defendant testified that he applied to the Hibernia Savings Bank for a loan of $10,000 to assist him in paying off the judgment. That loan was not consummated until September 8, 1925, when interest commenced to run on said loan. However, he testified also that he had cash and credit sufficient to enable him to pay

the judgment without the loan. He had $26,000 in cash in his possession but did not have the full amount of cash to pay the judgment. In this connection he testified that he had $20,000 in currency in his office; that his office was at 1776 Bush Street which was also his residence. No one else resided there. He had no permanent employees there. He obtained the $20,000 from the Bank of California and the Anglo California Trust Company. He testified positively that no part of the $20,000 was in a safe deposit box. On his cross-examination he testified that several garnishments had been served on him and gave the dates and amounts of the garnishments. He also testified that certain injunctions had been served on him and introduced copies thereof. Continuing his cross-examination the defendant testified that he had overpaid the judgment in the sum of $1474.48. That said overpayment arose by reason of the fact that when he made the payment of $27,587 he made no deduction of interest during the time that he was under restraint of the garnishments hereinabove referred to. Thereafter, on the fifth day of January, 1926, the motion for an execution was granted. From the order granting that motion the defendant has appealed.

▮ The plaintiff by way of a preliminary objection contends the appeal should be dismissed because of the delay in settling the bill of exceptions. The contention may not be sustained. The plaintiff applied to the trial court for an order terminating the proceedings below, but the application was denied. No such order has been made. That being so the plaintiff's contention must be ignored in a court of review. (Rule VI of the Rules for the Supreme Court and District Courts of Appeal; *Crocker* v. *Crocker*, 76 Cal. App. 606 [245 Pac. 438].)

▮ The defendant contends that the order granting execution was meaningless because it did not fix any sum. The plaintiff's motion asked for an execution "in the sum of $2,010.72 or in such sum as the court may determine is still due, owing and unpaid on said judgment". The trial court's order included the language, "It is ordered by the court that said motion be and is hereby granted." As the entire proceeding before the trial court was had for the purpose of fixing the sum we think it is clear that the mo-

tion was sufficiently definite and certain and that the order granted the motion as made.

▪ It is next asserted that the motion was not made by any authorized party. The plaintiff assigned her claim to Charles Matthews and in turn he assigned it to Francis J. Heney. The motion purported to be made by the plaintiff and Charles Matthews and Francis J. Heney. It could have been made in the name of the plaintiff without the addition of the other names. (Code Civ. Proc., sec. 385.) Adding those names to the plaintiff's did not vitiate.

▪ The judgment as rendered in the original action contained the following expression: "Now, therefore, by reason of the law and the premises, it is ordered, adjudged and decreed, that said plaintiff have and recover of and from said defendant the sum of seventeen thousand dollars ($17,000), together with interest thereon at the rate of 6½% per annum from the 1st day of January, 1916." The defendant contends that said judgment in effect provides that the rate of six and one-half per cent will continue from the first day of January, 1916, until the judgment is paid. He cites and relies on *United States Nat. Bank* v. *Waddingham,* 7 Cal. App. 172 [93 Pac. 1046]. The case does not so hold. At page 175 the court said: "The judgment as framed *apparently* entitles the plaintiff to continue to enjoy the benefit of the two per cent per month interest clause until execution on the judgment." (Italics ours.) However, without passing on the point as to the actual effect of the judgment the court on appeal having jurisdiction to do so proceeded to correct the alleged irregularity. *Wilbur* v. *Abbot,* 58 N. H. 272, was an action based on a judgment. The defendant interposed a demurrer that the complaint did not state a cause of action because the judgment was not for a sum certain. At page 273 the court said: "The judgment declared on recites that a certain sum of money was recovered with lawful interest from a certain day. All judgments for the recovery of money must state the sum recovered with certainty. That is certain which may be made certain; and it is sufficient if the sum recovered can be definitely and certainly ascertained by an inspection of the record, and without going outside for aid. (*Stokes* v. *Sanborn,* 45 N. H. 274.) The date from which the interest is to be computed is given in the record, and the amount can be made certain without going beyond it." To the same effect are *Blodgett* v. *Hud-*

*son,* 6 Boyce (29 Del.), 462 [100 Atl. 571]; *Hill* v. *Lyles,* (Tex. Civ. App.) 81 S. W. 559; and see Civil Code, section 3538. It is the ordinary practice in California to state the amount of the principal and the amount of interest and give judgment for the combined sums. Thereupon the statute enters in and interest on that judgment runs at seven per cent. In *Watson* v. *Lawson,* 166 Cal. 235 [135 Pac. 961], the action rested in part on a judgment theretofore rendered. In determining the meaning of that judgment at page 241 the court quoted with approval: "When it admits of two constructions, that one will be adopted that is consonant with the judgment that should have been rendered on the facts and the law of the case."

As recited above, the *remittitur* was filed in the trial court on July 27, 1925. Prior to that date an injunction issued out of another court that restrained the defendant from paying the judgment. That injunction continued in force until the date of the payment hereinabove mentioned. The defendant claims that he was not liable for interest during the period July 27, 1925, to September 8, 1925. In the receipt or partial satisfaction of the judgment the plaintiff admits, "That said judgment does not draw any interest from the 27th day of July, 1925, until the restraining order which prevents him from paying said judgment is to that extent discharged in the action in the above entitled court, number 158499, wherein the Hibernia Savings and Loan Society is plaintiff and Hortense S. Troy et al., are defendants." That admission fully supports the defendant's claim of suspension from July 27, 1925, to September 8, 1925.

The defendant was served with several garnishments which issued out of other actions in which Mrs. Troy was sued for money. He did not pay any of the moneys into the court but continued this litigation, kept the moneys and presumably made use thereof. (*Kenton Ins. Co.* v. *First Nat. Bank,* 93 Ky. 129 [19 S. W. 185].) True it is he testified that $20,000 was kept in his office. That raised a conflict in the evidence but the conflicts were addressed to the trial court. At no time prior to July 27, 1925, did the defendant admit the claim of the plaintiff, therefore, at no time was he in a position to interplead the respective claimants. (*Connor* v. *Bank of Bakersfield,* 183 Cal. 199, 203 [190 Pac. 801].) Furthermore, it may be inferred that

the appeal was taken in the ordinary method and that the defendant had tendered a good and sufficient bond to stay the judgment on appeal. Under these circumstances the trial court did not err in making an implied finding that there was no causal connection between the defendant's omission to pay and the garnishments just mentioned.

We conclude, therefore, that down to the date of the judgment the interest was properly computed at six and one-half per cent and that interest on the judgment was properly computed at seven per cent but that it should have been computed from the date of the judgment down to July 25, 1925, the date the injunction was served, and that the order should have been for an execution in the sum of $1877.34 instead of $2,010.72.

The order is modified by adding at the end thereof the following words: "And the amount of said execution is hereby fixed in the sum of $1,877.34." As so modified the order is affirmed. It is further ordered that the defendant do have and recover his costs on this appeal.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 15, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1933.