[L. A. Misc. No. 45.   In Bank.   Aug. 22, 1944.]

ROGER AVERILL et al., Respondents, v. WALTER
GOULD LINCOLN et al., Appellants.

(Two Cases.)

Walter Gould Lincoln in pro. per., and for Appellants.

Neice & Crane and Newby & Newby for Respondents.

GIBSON, C. J.—This is an application by appellants, under rule 53(b) of the Rules on Appeal, for relief from default occasioned by their failure to comply with that provision of rule 7(b) which requires service, as well as filing, of a notice of election to proceed on a settled statement on appeal.

These consolidated actions, seeking removal of a trustee, cancellation of instruments, injunction, damages and other relief, were tried before Judge Benjamin J. Scheinman. The trial covered a period of three months, consuming fifty-six court days. Judgment was entered for plaintiffs on August 20, 1943, just prior to the time Judge Scheinman left the bench to go into active service in the Army of the United States. A motion for new trial was heard and denied by Judge Charles S. Burnell. Appellants filed their notice of appeal from the judgment on November 9, 1943, and elected to proceed on a settled statement. (See rule 7, Rules on Appeal.) On November 18, 1943, which was within ten days after the filing of the notice of appeal, appellants filed a written notice of their election to proceed on a settled statement. They neglected, however, to *serve* the notice of election on the respondents within such ten-day period, as required by

rule 7(b). On December 16, 1943, Judge Emmet H. Wilson, upon application, extended to January 15, 1944, appellants' time to prepare and file the proposed statement on appeal. Within such extended period, and on January 13, 1944, appellants served on respondents a copy of their proposed statement and a copy of the judgment roll and filed the original with the clerk. Included therein was the notice of election to proceed on a settled statement. Twelve days later respondents noticed a motion to strike the proposed statement on the ground, among others, that the notice of election to proceed on a settled statement was not served within the time required in rule 7(b). In the interim, and before the motion to strike came on for hearing, respondents' time to serve and file objections and amendments to the proposed statement was extended to March 3, 1944. The motion to strike the proposed statement was heard and granted by Judge Wilson on February 2, 1944. Respondents subsequently moved to terminate proceedings for a record, which motion was also granted.

Appellants seek relief from these orders by three separate proceedings: (1) a motion in this court for relief from default, pursuant to rule 53(b); (2) a motion in this court to vacate the two orders of the trial court; and (3) an appeal from the two orders of the trial court.

We are here confronted with problems concerning the meaning and scope of some of the new Rules on Appeal, which became effective July 1, 1943. Under the old statutes and former rules, control over the preparation of the record on appeal was in the hands of the trial court, and its power to accept or reject a record, to grant or deny extensions of time, and to grant or deny relief from default, was virtually unlimited.

The new rules constitute a fundamental departure from the old procedure in the following respects: (1) Fixed periods are specified for the performance of the various steps in preparing the record, and when the allotted time has elapsed the appellant is in default. (Rules 4-7.) (2) The trial court has authority to extend time for limited periods, and has no power to extend if the time has already expired. (Rule 45(b).) (3) The appellate court alone has power to grant additional extensions of time and to relieve from default. (Rules 45(c) and 53(b).)

As a result of these changes, the motion to terminate proceedings for a record has disappeared from our procedure. If the specified time and allowable extensions have elapsed, the appeal will be dismissed under rule 10(a) unless the appellate court grants relief.

As stated above, respondents moved to strike the proposed statement because of appellants' failure to comply with the provision of rule 7(b) requiring service of a preliminary notice of election to proceed by way of settled statement. ■ Respondents contend that since rule 7(b) states that an appellant "shall" serve and file the notice, and rule 40(d) declares that the word "shall," when used in the rules, is "mandatory," it follows that the ten-day notice is jurisdictional, and upon failure to comply with it an appellant entirely loses the right to proceed under rule 7. The declaration that "shall" is mandatory merely states a required act and means that the particular provision does not permit of alternative or permissive procedures. The party who fails to perform an act which the rules declare "shall" be performed is acting in violation of the rules. It does not follow, however, that such violation is jurisdictional to the appeal. The reviewing court, having obtained jurisdiction by the filing of a timely notice of appeal, may grant relief, upon a proper showing of excuse, to a party who has violated a procedural requirement. Rule 53(b) provides that the reviewing court may for good cause relieve a party from a default occasioned "by any failure to comply with the new rules, except the failure to give timely notice of appeal."

■ It appears from the affidavits filed herein that on November 17, 1943, and within the ten-day period, appellants' counsel had dictated to his secretary a "Notice of Election to Proceed on a Settled Statement" and had directed her to deliver a copy to respondents' counsel and to file the original in the office of the county clerk; that she filed the original and, because of past unpleasant experiences with respondents' counsel, the secretary, contrary to instructions, decided to serve the copy by mail instead of making personal service thereof; and that intervening illness caused the matter to escape her attention until the filing of respondents' notice of motion to strike the proposed statement for failure to make service. While appellants failed to serve the notice of election within the ten-day period, the copy of the proposed rec-

ord served on respondents twelve days before the filing of the notice to strike contained a copy of such notice of election. Respondents have made no showing of injury resulting from the failure to timely serve the notice upon them, and it does not appear that any prejudice has resulted therefrom. We are therefore of the opinion that appellants should be relieved from their default in failing to serve the notice of election to proceed by settled statement within the ten-day period. In contending that the power to relieve from default rests in the trial court, respondents have misconceived the purpose of the new rules.

The trial court is directed to proceed with the settlement of the proposed statement and to permit respondents, within the time prescribed in rule 7, to propose amendments thereto. If the judge by reason of unfamiliarity with the trial proceedings is of the opinion, however, that he cannot fairly or properly pass upon the sufficiency or accuracy of the proposed statement or of any proposed amendments thereto, he may require appellants to furnish a transcript of the trial proceedings to assist in the settlement of the statement. Should the court below require such transcript of the record, and should appellants after furnishing same fail to procure a settled statement, they may make appropriate application to this court for relief from such failure and for leave to proceed by transcript under rules 4 and 5. Rule 6 furnishes a persuasive analogy. There an appellant, upon failure to obtain an understanding with the respondent on the contents of an *agreed* statement, is given further time to change to another form of record. The relief provision of rule 53(b) is comprehensive, and an appellate court in ruling on an application for relief from default in the preparation of the record may consider all questions which an appellant may appropriately present in support of a claim that he was improperly deprived of an opportunity to bring up a record on appeal.

Although respondents, in support of their motion to strike, stated that the proposed statement was incomplete and defective and did not fairly set forth the proceedings at the trial, it is apparent from the record and the briefs that the order striking the proposed statement was predicated upon appellants' failure to timely serve the required notice of election and was not based upon the asserted inadequacy of the statement.

Appellants are relieved from their default in failing to serve the notice of election to proceed by settled statement, and the trial court is directed to vacate the orders striking the statement and terminating proceedings and to proceed in the manner above suggested with the consideration and preparation of the record to be used on the appeal from the judgment. The purported appeals from the orders striking the statement and terminating proceedings are dismissed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.

Respondents' petition for a rehearing was denied September 18, 1944.