[Civ. No. 14617. Second Dist., Div. Two. May 9, 1945.]

EDNA I. WILLIAMS, Appellant, v. EVERLY M. DAVIS, SR., Respondent.

· Edna I. Williams, in pro. per., for Appellant.

Edward R. Young, Frank R. Johnston and E. L. Searle for Respondent.

MOORE, P. J.—Plaintiff had sued for a large sum of money. She lost, and on his cross-complaint defendant recovered in excess of $25,000. Judgment was entered in January, 1938. Following a denial of her motion for a new trial she filed her notice of appeal in April, 1938. After the appeal the fortunes of the lawsuit were to be controlled by this court in all respects except one. The superior court by virtue of section 953a, Code of Civil Procedure, had the power to govern the conduct of proceedings to perfect that appeal. It might, on satisfactory showing, extend time for the preparation of the transcript, or for good cause it could terminate such proceedings and thereby prepare the way for a dismissal of the appeal. Such dismissal was not possible so long as the respondent was unable to represent to the appellate court that there was no proceeding pending for the preparation of a transcript.

With varying vicissitudes appellant continued with her labors to obtain a completed transcript. The last extension granted by the court was March 31, 1939. The reporter finally filed a transcript on September 27, 1940. From the first date set for the settlement of the transcript, to wit October 7, 1940, to May 18, 1943, the parties vainly negotiated for a settlement of the transcript. After the latter date appellant caused her motion for a new trial to be heard on October 18, 1943. The basis for that motion was section 953e, Code of Civil Procedure which permits the court to grant a new trial when it is

impossible to have a transcription of the phonographic report. Following the denial of the motion for a new trial respondent moved to terminate the proceedings for the preparation of the transcript. The order terminating the proceedings was entered November 26, 1943.

The validity of that order is not open to question under any rule or statute in force at the time the notice of appeal was filed in April, 1938. If there be any doubt of its legality, such doubt must arise out of the new Rules on Appeal adopted by the Judicial Council and approved by the Legislature. They became effective July 1, 1943. Even though they had made no provision for the continued predominance of the statutes and rules existing prior to July, 1943, herein referred to as the *old rules* there would be some reason for holding that an appeal taken five years prior thereto would be controlled by the rules in force at that remote date. It is unreasonable to think that either the Legislature or the Judicial Council would snatch the control of an actual, specific proceeding from the trial court over which it had presided for five years and transfer it to this court for the purpose of determining a motion to terminate that very proceeding. The superior court has controlled such proceedings since the enactment of the first code of practice some ninety-five years ago. Hence it is rational to conclude that in modifying the procedure on appeals it was the intention of the authors of the new rules to make them applicable to only those appeals filed after July 1, 1943.

But we are not left to deduction and inference. Rule 53 provides in subsection (b) that the new rules shall take effect on July 1, 1943, "and shall govern the procedure in all appeals taken on and after their effective date." But *they shall not apply to pending appeals* "so far as pertains to the preparation and filing of the record on appeal." This language leaves no doubt of the validity of the order made by the trial court.

One sentence of rule 53(b) is likely to lead to error. It reads: "They (new rules) shall also apply to pending appeals, after the filing of the record in the reviewing court." The actual appeal now under consideration is the appeal from the order terminating proceedings. While it is true that a record for the purpose of this appeal was filed "in the reviewing court," yet the rule makers evidently never intended, by the

filing of a *clerk's transcript on an appeal from the order of the superior court terminating a proceeding for a reporter's transcript*, that the presence of such clerk's transcript on such appeal would in a flash transform the law and confer upon the appellate court the power to terminate a proceeding in an appeal that had been pending five years before the order as well as before the effective date of the new rules. They foresaw no such complication as this situation presents. They intended to and did declare that the trial court should control all proceedings for the preparation and filing of a record on appeal in "pending appeals." By the mere act of filing an appeal from the order made by the trial court, which it alone could enter, terminating a proceeding for the preparation of a transcript, the authors of the new rules could not have intended that the provision in the new rules should be abolished and thereby confer upon the appellate court a power specifically withheld from it in reference to all "pending appeals." The old rules guided the superior court in its entry of the order terminating the proceeding. They were valid then as they are valid now with reference to appeals taken prior to the effective date of the new rules. No number of appeals from subordinate or ancillary orders can impair the potency of the old rules in their application to the "preparation and filing of the record on appeal" and of course "preparation and filing" include the failure to prepare and to file a transcript with the trial court's approval.

A rehearing is granted.

Wood (W. J.), J., concurred.

McCOMB, J., Dissenting.—This is an appeal, taken January 15, 1944, from an order terminating proceedings for the preparation of a reporter's transcript. Defendant predicates his petition for a rehearing on the proposition that insofar as the present appeal is concerned, due to a provision in rule 53(b)* of the Rules on Appeal, the rule announced in our

---

*The third sentence in rule 53(b) reads thus:
"Rules 4-12 and Rule 52 shall not apply to pending appeals but such appeals, so far as pertains to the preparation and filing of the record on appeal, shall be governed by the rules and statutes in force immediately prior to the effective date of these rules, all of such rules and statutes hereby being made a part of these rules insofar as pending appeals are concerned."

opinion and in *Averill* v. *Lincoln*, 24 Cal.2d 761, 764 [151 P.2d 119] is inapplicable. Rule 53(b), Rules on Appeal reads thus:

"[Effective date and application to pending appeals] These rules shall take effect on July 1, 1943, and shall govern the procedure in all appeals taken on and after their effective date. They shall also apply to pending appeals, after the filing of the record in the reviewing court. Rules 4 to 12 and Rule 52 shall not apply to pending appeals but such appeals, so far as pertains to the preparation and filing of the record on appeal, shall be governed by the rules and statutes in force immediately prior to the effective date of these rules, all of such rules and statutes hereby being made a part of these rules insofar as pending appeals are concerned. The reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with the new rules, except the failure to give timely notice of appeal."

This contention is without merit for four reasons.

Firstly, the first sentence of rule 53(b) of Rules on Appeal reads thus:

"These rules shall take effect on July 1, 1943, and shall govern the procedure in *all appeals* taken on and after their effective date." (Italics added.)

It is to be noted that these rules are made effective with the exception of pending appeals to *all* appeals taken on and after July 1, 1943. The appeal in the present case was taken on January 15, 1944, and was not a pending appeal on the effective date of the Rules on Appeal.

Secondly, the second sentence in rule 53(b) of the Rules on Appeal reads thus:

"They shall also apply to pending appeals, after the filing of the record in the reviewing court."

It is also to be noted that the rules are made applicable to pending appeals "after the filing of the record in the reviewing court." In the present appeal the record was filed in this court on June 23, 1944, thereby making applicable to the instant case all of the provisions of the new Rules on Appeal should we assume for the sake of argument that the first sentence of rule 53(b) is inapplicable.

Thirdly, the third sentence in rule 53(b) of Rules on Appeal, quoted in the footnote, has no application to the present proceeding for the reason that such sentence is expressly

limited to the "preparation and filing of the record on appeal." The order from which the appeal was taken did not have to do with either the "preparation" or the "filing" of the record. Such order was collateral thereto and an attempt to stop any further step or proceeding looking to the "preparation" or "filing" of a record in this court. Hence, the order which we are now reviewing does not fall within the saving clause of the third sentence in rule 53(b) of Rules on Appeal.

Fourthly, the construction which this court has placed upon rule 53(b) of Rules on Appeal is fully supported by the statement of the Chief Justice of the Supreme Court in *Averill* v. *Lincoln, supra*. On page 764, speaking for a unanimous court, he said: "As a result of these changes, the motion to terminate proceedings for a record has disappeared from our *procedure*. If the specified time and allowable extensions have elapsed, the appeal will be dismissed under rule 10(a) unless the appellate court grants relief." (Italics added.)

It is to be observed that the court said that a motion to terminate proceedings for a record has "disappeared" from our procedure.

Disappear means "to cease to be; to cease to be known; to vanish from sight; to pass from existence." (See Webster New International Dictionary (2d ed. 1939), p. 740; vol. 3, Oxford English Dictionary (1933), p. 403.)

The use of the word "disappeared," that is, to pass from existence, without any qualification or limitation, such as, except in the case of appeals pending on July 1, 1943, (the effective date of the new Rules on Appeal), is particularly significant in view of the fact that the author of the opinion, the Chief Justice, and one of the justices who concurred in the opinion, Mr. Justice Shenk, were both members of the Judicial Council at the time the Rules on Appeal were adopted. Had they intended to make any exception to the rule announced in *Averill* v. *Lincoln, supra*, they would undoubtedly have used other and different phraseology.

The petition for a rehearing in my opinion should be denied.