[L. A. No. 19063.   In Bank.   June 29, 1945.]

BYRON PEEBLER et al., Respondents, v. B. C. OLDS et al., Appellants.

J. M. Danziger, in pro. per., for Appellants.

Roland Maxwell for Respondents.

THE COURT.—The matters before us arise upon an appeal from a judgment granting a permanent injunction. On May 26, 1944, the clerk's and reporter's transcripts were filed in the reviewing court. On July 6, forty-one days later, respondents noticed a motion to be heard September 27, to strike the reporter's transcript on the ground that it was not prepared and certified within the time or in the manner prescribed by law. Included in the same document and designated to be heard at the same time, was a motion to dismiss the appeal for failure of the appellants to file their opening brief.

The time for the filing of an opening brief is prescribed in rule 16(a) of the Rules on Appeal, and an opening brief not filed within the thirty-day period there prescribed, or within any valid extension allowed thereunder, is in default. Therefore, in the absence of any valid extension of time, appellants' opening brief was due thirty days after filing of the record, or on June 25, 1944. When respondents on July 6 filed their motion to dismiss, appellants were in default for a period of only eleven days. Rule 17(a) provides, in part, that "If the appellant's opening brief is not filed within the time prescribed in subdivision (a) of Rule 16, the clerk of the reviewing court shall notify the parties by mail that if the brief is not filed

within 30 days after the date of mailing of the notification, the appeal will be dismissed, unless good cause is shown for relief. . . .'' It is thus apparent from rule 17(a) that the reviewing court has a broad power to grant relief from default. (See, also, rule 53(b).) It is true that the rules contemplate that some explanation be offered for the default, and while the record herein does not affirmatively reveal any specific reason for the eleven-day delay we are satisfied that the failure to explain the same as well as the further delay in the filing of the brief, is traceable to the second part of respondents' motion which was directed at the striking of the reporter's transcript. It is apparent from the record herein that it was the latter motion which principally absorbed the attention of the parties.

As stated above, when respondents on July 6 moved to dismiss the appeal because of the eleven-day default in the filing of the opening brief, they also noticed a motion to strike the reporter's transcript. Both motions, as indicated above, were designated to be heard on September 27, a period of two and one-half months in the future. Confronted with this bifurcated motion—a portion of which potentially might alter or change the nature of the record on which the appeal was to be presented—any further delay in the filing of appellants' opening brief is understandable and excusable. Obviously, while the motion to strike the reporter's transcript was pending appellants could not intelligently prepare their brief for if the reporter's transcript were stricken they would have to proceed on the clerk's transcript or judgment roll. The character of the record would make a material difference in the substance of their brief. While correct practice should have suggested that they seek additional time for the filing of the brief, particularly when the clerk's transcript was on file and unchallenged, nevertheless, under all the circumstances, the default occurring while appellants were availing themselves of their right to present their appeal upon a full and proper record should be relieved. (*Cf. Riskin* v. *Towers,* 24 Cal.2d 274, 277 [148 P.2d 611, 153 A.L.R. 442].) After the motion, the uncertainty arising from the proceedings in connection with the record offers a reasonable explanation for appellants' default in the filing of the brief. Moreover, the brief has been since served on respondents and was tendered for filing at the time of the oral argument herein. We are of the opinion,

therefore, that appellants should be relieved of any default in connection with the filing of their opening brief and the same may be filed.

█ This leaves for consideration the motion to strike the reporter's transcript. Inasmuch as the notice of appeal was filed before the effective date of the new Rules on Appeal, the law in effect prior thereto governs this motion. (Rule 53(b).) It appears that originally appellants had elected to appeal on a bill of exceptions. A period of several months elapsed in the consideration of objections thereto, proposals for amendment and efforts to terminate the proceeding. Finally, appellants themselves terminated the proceeding and were allowed by the trial court ten days within which to give notice requesting a reporter's transcript. Respondents unsuccessfully attempted to restrain this new proceeding for a record by petition for a writ of prohibition. (*Peebler* v. *Superior Court,* 63 Cal.App.2d 651 [147 P.2d 34].)

Under the law in effect prior to the new Rules on Appeal, the notice requesting a transcript was not jurisdictional, and delay in giving such notice could be excused by the trial court. The matter of diligence in preparation of the record was almost entirely committed to the discretion of the trial court, and its action in certifying a belatedly prepared reporter's transcript relieved the appellants from any asserted lack of diligence. (*Troy* v. *Troy,* 127 Cal.App. 489, 492 [16 P.2d 290]; *Crocker* v. *Crocker,* 76 Cal.App. 606 [245 P. 438]; *Sekt* v. *Superior Court,* 24 Cal.2d 73, 77 [147 P.2d 568]; *Wood* v. *Peterson Farms Co.,* 131 Cal.App. 312, 315 [21 P.2d 468]; *Smith* v. *Jaccard,* 20 Cal.App. 280 [128 P. 1023, 1026]; *Hohnemann* v. *Pacific Gas & Elec. Co.,* 31 Cal.App.2d 692 [88 P.2d 748].) The record herein does not show any abuse of the trial court's discretion. The delay consequent upon the objections to the proposed bill of exceptions and the absence of the trial judge because of illness furnished sufficient basis for the trial court's action in relieving appellants from the effects of the delay in completing the record. The motion to strike the reporter's transcript must therefore be denied.

█ In order to obviate confusion, it is well to state that under the new Rules on Appeal the trial court may extend time only for limited periods upon application made before the expiration of any prescribed time. It cannot grant relief from default. The reviewing court is given exclusive power to do

so. (Rules on Appeal, rule 53(b) ; *Averill* v. *Lincoln,* 24 Cal. 2d 761, 763 [151 P.2d 119] ; *Jarkieh* v. *Badagliacco,* 68 Cal. App.2d 426, 430 [156 P.2d 969]; 17 So.Cal.L.Rev. 232, 292.)

For the foregoing reasons, the motions to strike the reporter's transcript and to dismiss the appeal are denied.

TRAYNOR, J.—I dissent from that part of the majority opinion dealing with the granting of relief from appellant's conceded default in the filing of his opening brief. It fails to meet the basic issue in this proceeding, for it considers the problem as if the default took place in the course of an appeal pending in this court. If this were the case, and appellant's request for relief from default were addressed to us, it would be entirely appropriate to consider his excuses, and either grant or deny relief in our own discretion. The appeal was pending, however, in the District Court of Appeal, Second Appellate District, Division Two, for determination, and the record and briefs had to be filed in that court. The delays and default took place there; the motion to dismiss the appeal was made in that court, argued there, and decided, after submission, by a written opinion. A petition for hearing was thereafter filed and granted by this court.

The Rules on Appeal recognize, of course, that the "reviewing court," which has the power to grant or deny relief from default, is the court in which the appeal is pending. (Rule 40(b).) Hence, the power to relieve from default in the instant case originally resided in the District Court of Appeal. In its decision granting the motion to dismiss and in the accompanying opinion, that court set forth its determination that appellant's neglect was inexcusable and did not justify relief. The question before us is not, therefore, as the majority opinion assumes, what showing must be made by an appellant to call for the exercise of our discretion to grant relief from a default, but a much more important question: to what extent will the Supreme Court undertake to regulate the exercise of such discretion by the District Court of Appeal?

When the petition for hearing in this court was granted, the decision and opinion of the District Court of Appeal were, of course, superseded, and the case was set at large for a new and independent decision by the Supreme Court. This court thereby became the reviewing court, with the same power to

grant or deny relief from default as if the case had originally been appealed here. (Rule 40(b).) It does not follow, however, that in the exercise of this power we should entirely ignore the action previously taken by the District Court of Appeal, and attach no presumption of correctness to the conclusion reached by that court after mature consideration of the record and argument presented to it. In following that course the majority opinion simply advises the District Court of Appeal that its determination of procedural matters within its jurisdiction is entitled to no weight. This view is in striking contrast to the deference that this court showed to the superior courts during the period preceding the new Rules on Appeal, when those courts had power to relieve from defaults in connection with the record. The rule was established by many well considered decisions, some of which are cited in the majority opinion, that the trial judge had a broad discretion in these matters, and that on an appeal or other proceeding to review his determination, that discretion was to be upheld unless plainly abused.

If we adhere, as I think we should, to this traditional approach, it would seem to follow that the respective functions of the District Court of Appeal and the Supreme Court in the situation before us may thus be differentiated: (1) On the meaning and effect of a rule, a question of law, this court should exercise its usual reviewing power regarding any petition for hearing after a decision by the District Court of Appeal. (2) When the issue is whether the party has in fact complied with a particular rule, this court should likewise exercise its usual reviewing power. (3) If it appears from the record, however, that the party is actually in default by his failure to comply with a rule, and has sought to be relieved from such default, the decision of the appellate court in the exercise of its discretion in granting or refusing such relief should not be disturbed except where there is manifest miscarriage of justice. Accordingly, our task here was to decide whether the appellate court had plainly abused its discretion under the circumstances of this case, and such a conclusion could only be reached if it appeared that the appellants had so persuasive a reason for their failure to file the opening brief that it necessarily called for an application of the power to grant relief.

The majority opinion does not suggest that any such showing was made; it does not recite all of the circumstances and considerations that impelled the District Court of Appeal to dismiss the appeal. This method of handling the case may well prove to be an unfortunate precedent. I am entirely in sympathy with the view that hearings on the merits should be encouraged and that excusable neglect should be relieved by the appellate court having jurisdiction of the appeal. But it is of equal importance to litigants and the courts that dilatory tactics of counsel be discouraged and that the appellate courts not be hampered in carrying out their duties.

The appellants have offered two reasons for their neglect. They contend that they were not actually in default, since the District Court of Appeal clerk failed to give the notice under rule 17(a). This misconception finds no justification in the rule and is contrary to the holdings of prior cases. (See *Peak v. Nicholson,* 61 Cal.App.2d 355, 359 [143 P.2d 78]; Witkin, *New California Rules on Appeal,* 17 So.Cal.L.Rev. 80,142.) Accordingly appellant's conduct must be regarded, not as the result of an excusable mistake, but as a plain disregard of the rule.

The other explanation offered by appellants is that while the dispute concerning the record was in progress, they were uncertain as to whether they would eventually obtain a reporter's transcript or would be compelled to take their appeal solely on a clerk's transcript, and that this uncertainty made it impossible for them to write an opening brief with reference to the actual record in the case. Had this explanation been addressed to the appellate court by way of a request for extension of time (see rule 16(a)) it would undoubtedly have been favorably received. A sound reason for requesting an extension of time, however, is not a justification for completely disregarding the rule. It is commonplace in all practice that the party whose time is running on the many steps required in trial and appellate procedure, and who has a good ground for extension of that time, must present it before his time expires. Otherwise his position becomes entirely different, and his only recourse is to seek relief from his default by a showing that he allowed the time to run against him by inadvertence or excusable neglect. There is no such showing in the instant case. Appellants, insisting upon an errone-

ous interpretation of the rules, have deliberately failed to comply with their plain language. Previous delays occasioned by disputes over the record had already resulted in postponing the hearing on the appeal for over a year, and it was incumbent upon appellants to exercise reasonable diligence to avoid additional delays.

It appears, therefore, that the District Court of Appeal acted well within the limits of its discretion in denying appellants relief from their default in failing to file their opening brief on time.

Every court, and in particular every reviewing court, bears a heavy responsibility for the prompt and efficient handling of its business, and it can discharge that responsibility only if it is permitted a reasonable discretion and control over its affairs. The new Rules on Appeal are designed to secure the speedy determination of appeals (see rule 53(a)) and to that end each appellate court is given supervisory power over the procedural steps in the taking of appeals. The Supreme Court should not undertake to reexamine the various considerations that enter into the discretionary determination to grant or deny relief from default. The appellate courts cannot successfully carry out their duties if such determinations are subject to an independent review and reconsideration by the Supreme Court.