[L. A. No. 19576.   In Bank.   June 12, 1946.]

Estate of HELEN LA MONTE HULTIN, Deceased.   JACK
    YOULIAN, as Executor, etc. et al., Respondents, v.
    NADIA WILLIAMS et al., Appellants.

Nadia Williams, in pro. per., and Marion P. Betty for Appellants.

Michael F. Brown and William A. Sherwin for Respondents.

CARTER, J.—In this proceeding appellant Nadia Williams qualified as special administratrix of the Hultin estate on July 14, 1944, furnishing a bond in the principal sum of $7,000.  She presented to the court for probate a witnessed will of the decedent.  Respondents contested the admission of that will to probate on the ground of fraud and undue influence and presented for probate an earlier holographic will of decedent which appellants contested.  The two contests were heard and respondents were successful in having the holographic will admitted to probate and respondent Jack Youlian was appointed executor of the estate without bond pursuant to that will.  The orders in the contest proceedings (hereinafter referred to as first order) and the order appointing

Youlian executor (hereinafter referred to as second order) were entered on June 5, 1945. Notice of entry was served and filed on June 18, 1945. A notice of intention to move for a new trial in the contest proceedings was filed and bears the clerk's filing date of June 29, 1945, apparently a day late. (See Code Civ. Proc., § 659.) That motion was heard on August 7, 1945, by Judge Beardsley, the trial judge. On August 14, 1945, Judge Blake, the presiding judge of the Superior Court in Los Angeles County, made ex parte, upon motion of appellants, an order reading in part as follows: "Upon reading and filing the affidavits of Nadia Williams, Marie Antoinette Griffith and Myrven F. Gift, and the evidence of the check dated June 28, 1945 being before the Court, and good cause appearing therefor, IT IS ORDERED AND DECLARED that the fee of $9.00 for filing the Notice of Motion of Intention to move for a New Trial in the above entitled matter was filed within time and that therefore the Motion for the New Trial may be heard *upon authority of* [*Commercial*] *Nat. Bank* v. *Schultz* [*Schlitz*], 6 C.A. 174 [91 P. 750]." On August 16, 1945, the trial judge denied the motion for a new trial and in the order of denial also ordered (hereinafter referred to as third order) the vacation of Judge Blake's order of August 14, 1945. On November 5, 1945, the trial court ordered (hereinafter referred to as fourth order) appellant Williams as special administratrix of the estate to deliver the assets of the estate to respondent Youlian, executor. Purported appeals are taken from the first, second, third and fourth orders.

Appellants applied to this court in December, 1945, for a writ of supersedeas staying the execution of the fourth order pending appeal, and in January, 1946, an order to show cause in March, 1946, why the writ should not be granted, was issued by this court and all proceedings on the judgment and order appealed from were stayed pending final determination of the matter. Respondents answered the petition for a writ of supersedeas urging that the appeal was too late, the notice to prepare the trancript was not timely and the notice of appeal was not signed by the attorney of record. Respondents also noticed for hearing in March, 1946, a motion to dismiss the appeals on the grounds that as to the first order the notice of appeal and request for a transcript were late, and the transcript was not filed in the time required by law;

that as to the second order the same was true, and in addition, that no request for a transcript was filed and the notice of appeal was not signed by the attorney of record (the issue of the timeliness of appeals for the first and second orders involves the question of whether the notice of intention to move for a new trial was filed in time thus extending the time in which to appeal and the effect on that question of the order of Judge Blake of August 14, 1945, and the third order vacating the order of August 14th) ; that as to the third order, it is not an appealable order; and that as to the fourth order, the matter will become moot on the dismissal of the other appeals.

The petition for the writ of supersedeas and the motion to dismiss the appeals were heard in March, 1946, and submitted. Appellants filed a petition for a writ of mandate to compel the trial court to settle and certify the clerk's and reporter's transcripts on the appeal from the first order. An alternative writ was issued by this court returnable on June 10, 1946. It should be noted in connection with the petition for the last mentioned writ that although it is directed to the trial judge it will be considered as running to the clerk and reporter of the court inasmuch as there is no claim that the transcript is not correct. In such case it is the reporter's and clerk's duties to certify the respective transcripts. (Rules on Appeal, rules $4(d)$, $5(d)$.) In any event the petition for a writ of mandate may be treated as a request for relief from default in the preparation of the transcripts. On the issue of their claimed default in the preparation of the transcripts, it appears that they have been prepared. In view of that fact and the dispute between the parties in the court below with reference to the timeliness of the notice of intention to move for a new trial and its bearing on the timeliness of the appeals, and the misconception that relief from default in the preparation and filing of the transcripts should be secured in the trial court, rather than this court (see Rules on Appeal, rule 53(b) ; *Peebler* v. *Olds,* 26 Cal.2d 656 [160 P.2d 545] ; *Averill* v. *Lincoln,* 24 Cal.2d 761 [151 P.2d 119]), and the policy of having a determination on the merits, appellants are relieved from their default in failing to file the request and arranging for the preparation of the transcripts on appeal. We will therefore treat the mandamus proceeding as an application for such relief from default, and the clerk and reporter are hereby ordered to certify the respective transcripts and the former to transmit them to this court.

In regard to the motion to dismiss the appeals on the grounds of lateness of perfecting them, lack of the signature of the attorney of record, nonappealability of the third order, we deem it advisable to postpone a determination of that motion until the record in the court below is before us. Portions of the record are set forth in the pleadings of the parties here but before these matters can be intelligently determined the record should be available to the court, including what transpired with reference to the third order and the order of Judge Blake on August 14, 1945.

The petition for a writ of supersedeas need not be ruled on at this time inasmuch as a temporary stay was granted in the order to show cause and the petition may be heard on the merits along with the motion to dismiss the appeal.

In order that the expense and effort of filing briefs on the merits of the appeal may be avoided in the event the appeals are ultimately dismissed, it is suggested that after the filing of the record, and if the parties so desire, the motion to dismiss may be further briefed.

Therefore the motion to dismiss the appeal and the petition for a writ of supersedeas are continued until the record is before this court.

The clerk of the Superior Court of Los Angeles County is directed to certify and transmit the record on appeal to the clerk of this court.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.