[Crim. No. 2537.   First Dist., Div. One.   June 22, 1949.]

THE PEOPLE, Respondent, v. DONALD E. HICKOK, Appellant.

King & Savage for Appellant.

Fred N. Howser, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

PETERS, P. J.— This is a motion made by defendant and appellant in propria persona to set aside this court's order of July 29, 1948, dismissing his appeal under rule 17 (a) for failure to file an opening brief.   Inasmuch as the remittitur has issued, the proceeding may be treated as a petition to recall the remittitur.

The appellant, through his then lawyers, Albert M. King and William M. Savage of Oroville, on April 3, 1948, filed a timely notice of appeal from a judgment of conviction and from an order denying his motion for a new trial.   On May 11, 1948, the clerk's and reporter's transcripts were filed with

this court. On June 23, 1948, the clerk of this court addressed a letter to the law firm of King and Savage, the then attorneys of record for appellant, informing them that the appellant's opening brief had not been filed, and that the appeal would be dismissed under rule 17(a) unless the brief was filed within 30 days. On July 29, 1948, no brief or request for an extension having been filed, this court dismissed the appeal. On September 7, 1948, the remittitur issued to the county clerk. On February 17, 1949, this motion was filed.

Service has been made on the attorney general, and affidavits have been filed by all interested parties. Appellant is confined in the state's prison. There is no doubt that he desires to prosecute his appeal. From the affidavits it appears that shortly after the notice of appeal was filed by the firm of King and Savage, appellant notified that firm that he did not want them to handle the appeal, but that attorney Leo Sullivan, located in Oakland, had been retained for that purpose. A fee was paid to Sullivan in May of 1948 by relatives of appellant. Neither King and Savage nor Sullivan proceeded to have Sullivan substituted as attorney of record, as should have been done. The 17(a) notice was, therefore, properly sent to King and Savage by the clerk of this court. According to the affidavits of King and Savage, they notified the son of appellant of the receipt of this notice and asked him to convey the information to Sullivan. Whether or not Sullivan actually received this notice is not clear. It is clear that during or about this time Sullivan was undecided whether to appeal or to test the legality of the conviction by writ of habeas corpus. About this time Sullivan was ill with a heart attack. He apparently believed that someone else was protecting the appeal. No brief was written or extension secured, with the result that the appeal was dismissed. From the documents and letters on file it is quite apparent that appellant believed that his appeal was being prosecuted. It was not until January of 1949 that, upon inquiry, he learned from the clerk of this court that the appeal had been dismissed. This motion was filed shortly thereafter.

It is apparent that the appeal was dismissed because of the confusion existing when the attorneys were changed. King and Savage should, of course, have had Sullivan substituted as attorney of record. Sullivan should have been more diligent in protecting his client's interests. But the appellant, the real party in interest, was not at fault. He was incarcerated and was doing all that he could to protect his rights, and

thought that he had done so. If this were merely a motion for relief from default, this being a criminal appeal, this court, under rule 53(b), would have the power to relieve appellant from his inadvertent default, and, under the rule of the decided cases, undoubtedly would do so. (*Jarkieh* v. *Badagliacco*, 68 Cal.App.2d 426 [156 P.2d 969]; *Averill* v. *Lincoln*, 24 Cal.2d 761 [151 P.2d 119]; *Peebler* v. *Olds*, 26 Cal.2d 656 [160 P.2d 545]; *Estate of Hultin*, 28 Cal.2d 340 [170 P.2d 16]; *Peak* v. *Nicholson*, 61 Cal.App.2d 355 [143 P.2d 78].) ▆ In a proper case the court also has power to recall a remittitur inadvertently or improperly issued. Rule 25(d) provides that "A remittitur may be recalled by order of the reviewing court on its own motion, on motion after notice supported by affidavits, or on stipulation setting forth facts which would justify the granting of a motion." This is an inherent power of the court and was recognized long before the above rule was adopted. (*Isenberg* v. *Sherman*, 214 Cal. 722 [7 P.2d 1006]; *Trumpler* v. *Trumpler*, 123 Cal. 248 [55 P. 1008]; *Rowland* v. *Kreyenhagen*, 24 Cal. 52.) ▆ Under these cases, and others that could be cited, and under the rule, one of the grounds for exercising the power is that the court has been induced to decide the case under a misapprehension of the true facts. That rule is applicable here. Appellant was not personally at fault. He tried to prosecute his appeal and thought that his lawyers were handling it. The lawyers in Oroville thought that Sullivan was handling things, and he apparently thought that someone else was protecting the appeal. The time between the issuance of the remittitur and the filing of this motion was not unreasonably long. It should also be mentioned that the deputy attorney general handling this matter, although he has not stipulated that the motion may be granted, has filed no opposition to the granting of this motion. Had we known the facts on July 29, 1948, which we now know, we would not have dismissed the appeal. Under such circumstances, it is apparent that we issued the remittitur on September 7, 1948, under a misapprehension as to the true facts. This being so, the remittitur should be recalled.

The motion to recall the remittitur is granted.

Ward, J., and Bray, J., concurred.