[Civ. No. 7635. First Appellate District, Division Two.—December 24, 1930.]

GEORGE E. MERRILL, Plaintiff and Respondent, v. NORMANDIE CORPORATION (a Corporation), Defendant and Respondent; A. R. WALKER et al., Appellants.

Sparling & Teel for Appellants.

William A. White for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

NOURSE, P. J.—Plaintiff sued as assignee of six promissory notes executed by the defendant corporation. The cause was tried without a jury and resulted in a judgment for plaintiff as prayed. The appellants are all preferred stockholders of the defendant corporation who intervened and who appeal from the judgment on typewritten transcripts.

Karl Elliott, Kathryn Elliott, his wife, and one Bowman, his grandfather, composed the board of directors of the Normandie Corporation. The notes in suit were executed by the officers of the corporation by authorization of the board of directors in consideration of money loaned to the corporation by Karl Elliott, who was named as payee in each note. All were assigned by Elliott to the plaintiff in consideration for money advanced by plaintiff to Elliott.

On this appeal the appellants advance four points for a reversal of the judgment which we will consider in order.

1. The complaint fails to state a cause of action because it appears on the face of each note that it was issued to one of the trustees of the stockholders of the corporation, but the complaint fails to allege that the notes were executed for a good and valid consideration. If the point were good on demurrer to the complaint it is not good here because the parties went to trial and proved a good and valid consideration and the trial court held accordingly. (*Etienne* v. *Kendall,* 202 Cal. 251, 255, 256 [259 Pac. 752].)

2. There is no presumption of consideration in the execution of the notes and the burden of proof is therefore upon the plaintiff. Upon the same line of reasoning the point is of no interest on this appeal. Assuming that the usual presumption of consideration from the written instrument does not apply to a note executed under these circumstances, and assuming that the burden of proof is then upon plaintiff to show consideration, these issues lose their importance when the issues have been fairly tried and the trial court has affirmatively found that the consideration was good and valid. In other words, the question of the weight of evidence and the question of upon whom rests the burden of proof become purely academic when the trial court has found upon substantial evidence that the essential facts have been proved.

Appellants merely suggest in their opening brief that the finding of consideration is not supported by the evidence, but we cannot take them seriously in this as the evidence is clear that the notes were executed in payment for moneys advanced to the use of the corporation by the payee and there is not an iota of evidence to the contrary.

In this connection it is argued strenuously by appellants that, as the directors were trustees for the stock-

holders, every transaction by which they obtained any advantage from the corporation is presumed to have been without sufficient consideration in accordance with the provisions of section 2235 of the Civil Code. Numerous cases are cited following the code section, some of which deal with directors of corporations. Nothing would be served by analyzing these cases here. It is sufficient to say that the rule which they follow does not preclude a single director from dealing directly with a corporation, and does not preclude him from taking a note or other security for money advanced by him to the use of the corporation. The rule applicable here is found aptly stated in *Schnittger* v. *Old Home etc. Min. Co.*, 144 Cal. 603, 606, 607 [78 Pac. 9], and in *Todd* v. *Temple Hospital Assn.*, 96 Cal. App. 42 [273 Pac. 595], where numerous authorities are cited. We have not overlooked the point at which the two paths diverge—that the transaction must be free from fraud. But, though we find some suspicions of fraud in counsel's briefs, there is no evidence of it. On the other hand, we find that the appellants did not plead fraud in the execution and delivery of the notes. They alleged circumstances occurring after the notes were delivered, but these allegations were made solely for the purpose of showing the need of intervention. Hence the trial court's finding that the transaction was in good faith and for a valuable consideration takes the case out of the rule of the cases cited by appellants.

3. The plaintiff was not an innocent purchaser for value. The argument on this point is predicated on the proposition hereinbefore discussed—that the notes were void under section 2235 of the Civil Code. But as the notes were found to be valid obligations of the corporation which were assigned to the plaintiff for a valuable consideration the "knowledge" of the purchaser is of no moment.

4. That the directors who authorized the execution of the notes were not *de jure* but were merely *de facto* and hence incapable of binding the corporation in this manner. The argument is based upon the assertions made in appellants' briefs that the corporation had failed to comply with the conditions of the state commissioner of corporations relating to the transfer of real property to the corporation. We cannot see how the issue is properly before us. It was not pleaded in the complaint in intervention and was not

found by the trial court. This case, with case number 7636, *Elliott* v. *Normandie Corp., post,* p. 763 [294 Pac. 776], which follows, was jointly tried with another action brought by these interveners against the three directors of the corporation. At the opening of the trial a stipulation was made that the evidence taken might apply to all three cases. When testimony relating to the transfer of this real property was offered it was objected to by counsel representing the plaintiffs in each of the suits on these promissory notes, but the testimony was received under interveners' promise to connect it up. Near the end of the trial motions were made to strike this testimony and these were denied. Thereupon counsel for these interveners—plaintiffs in the accounting suit—dismissed their action for an accounting.

Now the only testimony in the record upon which the argument can be predicated is that the Elliotts deeded the real property to the corporation in full accord with the demands of the commissioner of corporations and thereafter issued certificates of stock to themselves and to the interveners as well. Though this deed was not recorded it was delivered to and held by the corporation secretary. It was then shown that in February, 1927, long subsequent to the execution of the notes in suit, and some three months after the assignment of the last of these notes, the directors purported to reconvey this property to the Elliotts in exchange for other property conveyed to the corporation—that they then personally conveyed the property mentioned in the commissioner's certificate to another. Though the evidence of these transactions would have been relevant to an issue of fraud involving the directors of the corporation, it had no relevancy to the issues raised in this action on the promissory notes—first, because the facts were not put in issue by any pleading, and second, because the transactions occurred subsequent to the assignment of the notes and had no bearing upon the validity of the notes nor upon the assignment to the respondent.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.