[Civ. No. 11123. Second Appellate District, Division One.—April 21, 1937.]

HARRY G. VAN DENBURGH, as Administrator, etc., Respondent, v. TUNGSTEN REEF MINES COMPANY (a Corporation), Appellant.

Kelby, Lawson & Garroway for Appellant.

Oscar S. Elvrum and Robert Young for Respondent.

YORK, J.—Emma Beatrice Clark, now deceased, was the widow of A. J. Clark, who prior to his death in November, 1927, owned one-third of the stock of the defendant corporation, which had been theretofore organized for the purpose of acquiring, owning and operating certain mining properties in Cochise County, Arizona. After the death of A. J. Clark and during the period from November, 1927, to and including June, 1934, the mining property of the corporation was inactive so far as production of minerals was concerned, and one George Krieg, the secretary of the company, was acting manager of the mining properties, as well as a member of the board of directors thereof. The other members of said board were Mrs. J. H. Parsons and Emma Beatrice Clark, now deceased.

During this period of nearly seven years, from November 9, 1927, to June 14, 1934, there were apparently seven meetings of the board of directors held, and at four of these meetings there were present only secretary Krieg and the said Emma Beatrice Clark, who was a stockholder, as well as president and director of defendant corporation. Because of the inactivity of defendant's mine, there were no funds in its treasury with which to meet taxes, special assessments upon unpatented claims and expenses for a watchman to guard the property, and an item of $1700 which had accrued prior to the death of A. J. Clark. Therefore, as money was needed from time to time for these various expenses and because the property was threatened by attachment on account of the $1700 indebtedness, secretary Krieg notified Mrs. Clark and she advanced various sums of money by sending her check to secretary Krieg, who in turn paid the bills and made entry thereof in the account books of defendant corporation. This action was brought by plaintiff as administrator of the estate of Emma Beatrice Clark, deceased, to recover the sums advanced with interest, and from a judgment entered in favor of such administrator, defendant corporation prosecutes this appeal.

Appellant contends that the evidence is wholly insufficient to sustain the finding that the relationship of debtor

and creditor existed between Emma Beatrice Clark and the defendant corporation; that the evidence is insufficient to sustain the finding that there was an accounting between said Emma Beatrice Clark and the defendant corporation for moneys advanced to the latter, and further that the evidence established a voluntary payment on the part of Mrs. Clark.

Upon trial of the action secretary Krieg was the only witness examined, although documentary evidence was introduced, which consisted of numerous letters written by Mrs. Clark and by secretary Krieg, copies of the articles of incorporation and by-laws of defendant corporation and its books of account. We have read the testimony and have examined the documents admitted as exhibits in the case, and we are convinced that the findings made by the trial court are amply sustained thereby. The witness Krieg testified that his duties as secretary included the task of keeping the books and records of the company, as well as looking after the affairs of the company in general during the period in question, and that during that time he was the only active business man in the company. In this connection appellant maintains that Krieg was not the acting manager of the corporation, but was following directions given him by his codirector Mrs. Clark. It should not be overlooked that the board of directors of defendant corporation was composed of the president, Mrs. Clark, the secretary Krieg and Mrs. Parsons, and as such they were presumed to have known the condition of the business of the corporation which it was their duty to manage and control. (*First Nat. Fin. Corp.* v. *Five-O Drilling Co.*, 209 Cal. 569, 573 [289 Pac. 844].) The cited case also holds that ''As a usual thing the secretary of a corporation is a mere ministerial officer whose authority does not extend to the transaction of the ordinary affairs of the corporation upon his independent volition and judgment. But one who is secretary may also have far more extensive functions than those ordinarily incident to his office. He may be clothed with the authority of a general manager and his open and public exercise of the functions of such position is notice that he has such authority. (*Betts* v. *Southern Cal. etc. Exchange,* 144 Cal. 402, 407 [77 Pac. 993].) . . . And so, the existence of authority in subordinate officers may be established by proof of the course of business and by usages and practices of the company and by the knowledge which the board has, or must

be presumed to have, of the acts and doings of its subordinates in and about the affairs of the corporation."

It is shown by the record that the stock of defendant was non-assessable, that various obligations arose which had to be met in order to protect the mining property owned by the corporation as well as to protect the interest of the stockholders during a period when business was practically at a standstill. Furthermore, the tone of the letters written by Emma Beatrice Clark from time to time to secretary Krieg plainly shows that the advances made by her were made at a sacrifice on her part and with the expectation that she would be reimbursed for such advances at a later date, either when the property was sold or business was again active.

The case of *Santa Cruz R. R. Co.* v. *Spreckels*, 65 Cal. 193 [3 Pac. 661, 666, 802], was one in which the plaintiff corporation sought to recover of defendant, who was a subscriber for shares of capital stock, the amount of his percentage of an assessment levied by the directors to pay a debt due to one Hihn, the president of the corporation, who was also one of its directors. It was there said (p. 199) : "The money was advanced to and received by the corporation at a time when it was out of money and in debt, and when it was unable to obtain money from any other source than from Hihn. Where a director under such circumstances advances the corporation the needed money, which it receives and uses, there surely would be no justice, and we think no law, in holding that the corporation could not repay the amount."

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 11, 1937.