[Civ. No. 6691. Third Dist. May 4, 1942.]

LEANOR WILLIAMS, as Executrix, etc., et al., Respondents, v. CHAS. L. GILMORE, Appellant.

Chas. L. Gilmore in pro. per. for Appellant.

W. E. Davies for Respondents.

DEIRUP, J. pro tem. — The defendant Chas. L. Gilmore has appealed from an interlocutory decree permitting the plaintiffs to deposit certain moneys in court and requiring the defendants to litigate their respective rights to the fund and discharging the plaintiffs from all liability to either of the defendants. The action was brought pursuant to the provisions of section 386 of the Code of Civil Procedure and is the kind of action that is known as an interpleader suit. The part of the section which is applicable reads as follows:

"And whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves. The order of substitution may be made and the action of interpleader may be maintained, and the applicant or plaintiff be discharged from liability to all or any of the conflicting claimants, although their titles or claims have not a common origin, or are not identical, but are adverse to and independent of one another."

The sum that was deposited pursuant to the order was $4,143.32. This sum was the aggregate amount of the principal and interest of three judgments. One of the judgments was a judgment for costs amounting to $276.17, entered December 20, 1937, upon the reversal of a judgment in favor of the defendants in an action for forcible entry and detainer which had been brought by the Templar Mining Company against T. J. Williams and Leanor Williams, his wife. (Leanor Williams as executrix has been substituted for said T. J. Williams.) This judgment was assigned by the Templar Mining Company to appellant, Chas. L. Gilmore, on October 5, 1938. Upon a retrial of the action judgment for $1.00 damages and $60.50 costs was entered in favor of the Templar Mining Company on September 30, 1938. This judgment also was assigned to appellant on October 5, 1938. A third judgment was entered November 16, 1938, in favor of the Templar Mining Company and against all of the respondents in an action for conversion of mining machinery and equipment. This judgment was for the sum of $3,530.41 damages and $27 costs of suit, and was assigned to the appellant on November 18, 1938.

On November 6, 1936, the Yuba-Sutter Oil & Burner Company, a copartnership, recovered a judgment against the Templar Mining Company in the sum of $2,626.29, including costs. Writs of attachment and execution were issued in that action and served upon the respondents. Alleging that they were ready, able and willing to pay the three judgments in full but that they did not know whether the appellant assignee or the defendant garnishor was entitled to the money and could not safely ascertain for themselves which claim is right

and lawful, the appellants brought this interpleader suit against both of the claimants.

This action appears on its face to be the kind of action that is referred to in section 386 of the Code of Civil Procedure. The appellant (assignee) and the defendant (garnishor) make conflicting claims against the respondents relating to the performance of an obligation—the payment of the three judgments. It is admitted in the answers that the conflicting claims are made. It was not incumbent upon the plaintiffs to show which of the claims is valid, for the code requires nothing more of a plaintiff "in this respect than to show that the parties to be called in make claims on him for the same thing, that the respective claims are adverse to each other, and that he cannot safely determine for himself which claim is right and lawful." (*Fidelity Sav. etc. Assn.* v. *Rodgers,* 180 Cal. 683 [182 Pac. 426].)

It is contended by appellant, however, that interpleader did not lie under the facts of this case for several reasons which we shall discuss in some detail. One of them is that the judgments bear interest, and that to subject them to a suit of this nature would deprive the judgment creditor of a legal right. In support of this argument he cites *Conner* v. *Bank of Bakersfield,* 183 Cal. 199 [190 Pac. 801], in which it is said:

"Had the check itself been interest-bearing, plaintiff's claim to interest would have had the effect of putting in issue the extent of the obligation of the bank on the check and, therefore, the action could not have been maintained. (*Appeal of the Bridesburg Mfg. Co.,* 106 Pa. St. 275.) In such a case, if a defendant failed to question the extent of the obligation of the plaintiff he would be estopped from later attempting to claim a greater obligation than that admitted and consented to in the interpleader. But in the instant case the check was not interest-bearing, and there is no question but that the amount deposited by the bank in the interpleader suit was all that was due on the bank's original obligation."

It is clear from the quotation that the Supreme Court did not decide that interpleader will not lie in any case where the obligation is interest bearing, for the court had under consideration an instrument which was in legal effect a bill of exchange and did not bear interest. What the court decided was that interpleader would lie, but that the person who prevailed in the suit could bring action for interest as

damages from the time of his demand for the payment of the money up to the time the money was paid into court. ▮ The plaintiff must be a disinterested stakeholder and the amount to be deposited in court cannot be litigated. Uncertainty about the amount of the interest on an obligation would be fatal to the action. ▮ But in the case at bar the determination of the amount of interest required nothing more than computation. The principal and interest together are as definite a sum as the principal alone, and the deposit of the money in court relieved the respondents from their obligation to pay the principal sums and any interest thereafter to accrue. (*Allen* v. *Vanderbeck,* 132 Cal. App. 242 [22 P. (2d) 561].)

Appellant contends also that a judgment cannot be the subject of interpleader and asserts that other remedies are available to the judgment debtor for his protection. *Collins* v. *Angell,* 72 Cal. 513 [14 Pac. 135], and *Troy* v. *Troy,* 127 Cal. App. 489 [16 P. (2d) 290] ; do not support his position. In *American Surety Co. of New York* v. *Grays Harbor County,* 187 Wash. 164 [60 P. (2d) 10], and in *Jax Ice & Cold Storage Co.* v. *South Florida Farms Co.,* 91 Fla. 593 [109 So. 212, 48 A. L. R. 957], it was held that if one permitted one of the contesting claimants to take judgment against him he could not thereafter interplead them. But in the first of these cases there was a double liability, not a double vexation for a single liability; and in the second (Jax Ice & Cold Storage case) the actual ground for the decision was the nature of the interpleader action as it has been developed by courts of equity, the court saying:

"As said by this court in the case of *Fogg* v. *Goode,* [78 Fla. 138 (82 So. 614)], *supra,* the stakeholder's right to interpleader is subject to the highly technical requirement that the opposing claimants' titles must be in privity with each other; one derived from the other, or both derived from a common source. Their claims must be by different or separate interests, but, where their rights are asserted under adverse titles, and are of different natures, the bill cannot be maintained."

▮ In view of such technical rules as prevail in other jurisdictions (30 Am. Jur. 218) the weight of authority is not persuasive, for "the conditions under which the remedy may be invoked in this state are prescribed by statute and scope of the remedy has been broadened and enlarged." (*Mutual*

*Life Ins. Co.* v. *Henes,* 8 Cal. App. (2d) 306 [47 P. (2d) 513] ; *Fidelity Sav. etc. Assn.* v. *Rodgers, supra;* 14 Cal. Jur. 702.) In *Lackmann* v. *Klauenberg,* 3 Cal. App. 183 [84 Pac. 776], it is said (*obiter*) :

''It is undoubtedly the general rule that where either one of the conflicting claimants has secured a final judgment against a stakeholder who had knowledge of the conflicting claims before judgment, such stakeholder cannot maintain an action of interpleader.''

But, as we have said, we have a statute which has supplanted the general rule. It states expressly that any person who owes an obligation may, in good faith, bring into court all persons who make conflicting claims to the performance of the obligation and compel them to litigate their claims.

It is true that interpleader is an equitable proceeding in which the rights of the parties, as between themselves, are governed by principles of equity. (*Union Mutual Life Ins. Co.* v. *Broderick,* 196 Cal. 497 [238 Pac. 1034].) Appellant takes the position that the nature of the case and the conduct of the respondents preclude them from having the benefit of the statute. That the judgments are based on torts is immaterial. Nor was there a moral wrong on the part of the respondents in contesting the actions or in reporting to the sheriff when they were served with writs that they did not have moneys owing to the Templar Mining Company. Appellant has pointed out no manner by which they could have brought the garnishor into court in these proceedings and secured a determination of the respective rights of the garnishor and the appellant. Perhaps such a proceeding may be available to a judgment debtor where such conflicting claims as we have under consideration are made. But an interpleader action is a much better mode for reaching the end desired.

Appellant insists that there should have been a trial of the issue whether interpleader lies in this case. As we have shown, the allegations of the complaint, coupled with the admissions in the answer, show that the respondents were entitled to the relief asked. He suggests that he could have shown upon a trial that the relief should not have been granted, in view of authorities already referred to and also *Pacific Gas & Elec. Co.* v. *Nakano,* 12 Cal. (2d) 711 [87 P. (2d) 700, 121 A. L. R. 417]. But the question of the validity of the garnishments or the assignments could not be deter-

mined in the preliminary proceeding in such a manner as to preclude vexation from the garnishor.

It is immaterial that one of the judgments was not only for money but for restitution, for the right to recover property is severable from the judgment for the money and is in no way affected by this proceeding. Nor can the appellant fairly claim a right to levy on other property of the respondents, for he will recover in this proceeding all that he is entitled to receive.

There is no prejudicial error in the rulings of the trial court.

The judgment is affirmed.

Thompson, Acting P. J., and Tuttle, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 2, 1942.