[Civ. No. 16796.   First Dist., Div. Two..  July 31, 1956.]

MORRIS TRIEBER et al., Appellants, v. SAMUEL GAYNE, Respondent.

Joseph A. Brown for Appellants.

Morris M. Grupp for Respondent.

DOOLING, J.—Appellants, husband and wife, sought by their second amended complaint to cancel a note given by them to respondent in the principal sum of $1,000 on the ground of failure of consideration. Respondent answered and cross-complained, by his cross-complaint seeking a recovery on the note. From a judgment in favor of respondent on both complaint and cross-complaint this appeal is taken.

In October, 1952, appellant Morris Trieber and respondent each owned 25 per cent of the outstanding capital stock of Gayne Sales Company, a corporation. One Arian and Jerry Gayne, the respondent's son, likewise each owned 25 per cent of such stock. At that time Arian and appellant Morris Trieber were in active management of the business of the corporation, Arian being its president and Trieber its secretary.

The corporation was in need of funds and respondent, accepting his testimony (as we must do on appeal), proposed to Morris Trieber that respondent would borrow $2,000 from his bank and advance it to the corporation: "If the corporation will give me a note for $1,000 and if you and your wife will give me a note for $1,000 . . . I said that that is the only basis, to borrow the money from the bank and loan the money to the corporation, on that condition . . . I said, 'If you accept my proposition, if you and your wife will give me a personal note for $1,000 and the corporation $1,000, I will then go to the Bank of America and borrow $2,000 from them and help the corporation out by giving the check to the corporation.' "

To this Trieber agreed and thereafter delivered the note for $1,000 dated October 29, 1952, executed by himself and his wife with respondent as payee. Respondent also received a promissory note of the corporation for $1,000 dated the same day and signed by Arian as president and Trieber as secretary. The corporation received respondent's personal check for $2,000 dated October 30, 1952, and respondent testified that he borrowed the $2,000 from his bank on the same day.

The corporation became insolvent and neither Trieber nor respondent recovered any money from it. It is appellants' theory that respondent agreed that Morris Trieber was to receive a promissory note from the corporation for $1,000 and that since he did not receive such a note there was a failure of consideration for the $1,000 note executed by appellants to respondent.

Respondent testified flatly that there was no such agreement. He testified:

"Q. Did you ever mention anything at all about the corporation giving Trieber a note. A. Never. . . .

"Q. Was there something said to you that he was going to get a note from the corporation? A. No, he never mentioned it. . . .

"Q. You said nothing was said about getting a note from the corporation. A. At the time, there was nothing said about him getting a note from the corporation . . . I assumed that he took a note for himself."

The court found in accordance with this testimony:

"That it is not true that the sole consideration to be given to plaintiffs and cross-defendants . . . was a note to be issued by the corporation, but that said consideration was the indebtedness of the corporation to the said plaintiff and cross-defendant Morris Trieber for One Thousand Dollars ($1,000.00) advanced to said corporation on behalf of said Morris Trieber by the said Samuel Gayne, and it is not true that there was a failure of consideration in that the said note was not executed, as the failure to execute said note did not extinguish the obligation of Gayne Sales Co., Inc., to the said Morris Trieber."

■ This finding, supported as it is by substantial testimony, that it was no part of the agreement of the parties that the corporation should issue a note to appellant Morris Trieber, is sufficient to support the judgment.

The fact that at the time Trieber made no effort to secure such a note is also corroborative of the fact that there was no such agreement. Trieber in his testimony could give no explanation why, if it was a part of such agreement that he was to receive the corporation's note, he did not insist upon it at the time. He testified:

"A. I don't know why it wasn't issued at that time, but it wasn't issued.

"Q. Did you raise any question at that time to Mr. Arian about it? A. No, I don't remember what the reason was that it wasn't issued at that time."

Appellants' counsel now argues that no note was issued at the time because Trieber as secretary could not execute such a note in favor of himself. ■ Trieber did not so testify and, furthermore, a corporate officer who deals fairly with a corporation may lend it money (*Schnittger* v. *Old Home etc. Min. Co.*, 144 Cal. 603 [78 P. 9]; *Santa Cruz R. R.*

*Co.* v. *Spreckles,* 65 Cal. 193 [3 P. 661, 802]) and may take its note (*Merrill* v. *Normandie Corp.,* 110 Cal.App. 621 [294 P. 774]). No reason appears why, if the agreement was as he now claims, Trieber did not seek the authorization of the other members of the board of directors for the execution to him of the corporation's note, to be executed by the president or other noninterested officer or officers.

It is true that much later, after respondent had acquired Arian's stock and become president of the corporation, Trieber demanded of respondent that such a note be executed by the corporation and in May of 1953 a resolution of the board of directors was adopted authorizing the execution of such a note which respondent refused to sign. But it is clear that if the execution of such a note was no part of the promised consideration, as found by the trial court, the failure or refusal to execute it could not operate as a failure of consideration.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 25, 1956.