[Civ. No. 26635. Second Dist., Div. Three. Nov. 18, 1963.]

DAVID C. LEROY, Plaintiff and Respondent, v. BELLA VISTA INVESTMENT COMPANY, Defendant and Appellant.

[Civ. No. 26636. Second Dist., Div. Three. Nov. 18, 1963.]

A.M.A. CORPORATION, Plaintiff and Respondent, v. BELLE VISTA INVESTMENT COMPANY, Defendant and Appellant; DAVID C. LEROY, Defendant and Respondent.

[Civ. No. 26637. Second Dist., Div. Three. Nov. 18, 1963.]

BELLE VISTA INVESTMENT COMPANY, Plaintiff and Appellant, v. HAMARK ENTERPRISES, INC., et al., Defendants and Respondents.

(Consolidated Cases.)

Joseph W. Fairfield and Ethelyn F. Black for Appellants.

Ziskind & Ross and Herbert S. Ross for Plaintiff and Respondent in Civ. No. 26635 and Defendant and Respondent in Civ. No. 26636.

No appearance for Plaintiff and Respondent in Civ. No. 26636 and Defendants and Respondents in Civ. No. 26637.

FORD, J.—Belle Vista Investment Company, a corporation, sometimes known as Bella Vista Investment Company, has appealed from the judgment in each of three cases which were consolidated for the purpose of trial.█

In the case of *Leroy* v. *Bella Vista Investment Company* (No. 26635), three causes of action were stated. In the first, recovery on a check for $6,611.32 was sought. In the second cause of action it was alleged that the defendant corporation had received the sum of $6,611.32 for the use and benefit of the plaintiff. The third cause of action was based upon an asserted obligation of the defendant corporation to Charles Shapiro for money had and received in the amount of $6,611.32, which chose in action had been assigned by Shapiro to the plaintiff. Pertinent findings of fact were in substance as follows: 1. On or about September 12, 1959, the defendant Bella Vista Investment Company made and delivered to the plaintiff Leroy, for a valuable consideration, a check for $6,611.32, dated September 12, 1959, and payable to Chas. Shapiro, which was endorsed by Shapiro in favor of

Leroy. On September 12, 1959, Charles Shapiro was the president and general manager of the defendant corporation, Bella Vista Investment Company, and was authorized to execute and deliver the check on behalf of the corporation. 2. Thereafter, Shapiro, acting on behalf of the coporation, notified Leroy that there were insufficient funds to the credit of the corporation in the bank for payment of the check and requested Leroy to hold the check. 3. Leroy requested the defendant corporation, by requests directed to Shapiro as its agent, to honor the check but the corporation did not pay the amount of the check to Leroy. 4. (With respect to the second cause of action) on or about September 12, 1959, the defendant corporation did not receive and collect from Shapiro, to and for the use and benefit of the plaintiff Leroy, the sum of $6,611.32. 5. On or about September 2, 1959, Charles Shapiro loaned to the defendant corporation his personal funds in the amount of $6,611.32 and "was the owner of a chose in action against [defendant corporation] . . . for money had and received" in that amount. For a valuable consideration Shapiro executed a written assignment, dated October 13, 1959, to the plaintiff Leroy of that chose in action. 6. The defendant corporation did not pay any part of the sum of $6,611.32 to the plaintiff. 7. With respect to the bank account, to which reference was made hereinabove, the signature card did not embody a copy of a resolution of the board of directors of the defendant corporation authorizing the establishment of the account. The signature thereon purporting to be that of the secretary of the corporation was not in fact his signature. 8. The bank account was that of the corporation and was established on its behalf by Charles Shapiro.

The court gave judgment in favor of Leroy as against Bella Vista Investment Company for the sum of $6,611.32, together with interest from September 12, 1959, to the date of judgment.

On this appeal, the evidence must be viewed in the light most favorable to the respondent Leroy. (*Peterson* v. *Grieger, Inc.,* 57 Cal.2d 43, 51-52 [17 Cal.Rptr. 828, 367 P.2d 420].) In 1959, until December 9, Shapiro was the president, the general manager, and a director of Bella Vista Investment Company. That corporation owned the property occupied by the Bella Vista Community Hospital. The Bella Vista Investment Company made payments due pursuant to the terms of a deed of trust with respect to the property. In August of 1959, Shapiro borrowed approximately $5,000

from various persons so that the payment due in that month could be made.

On August 13, 1958, Shapiro opened a bank account for the Bella Vista Investment Company at a branch of the Bank of America. It was the only account then maintained by that corporation. Thereafter he executed several hundred checks which were drawn on that account. Only the check hereinafter mentioned was not paid. On September 2, 1959, Shapiro deposited in that account a check for $6,611.32, representing the proceeds of a loan made to him personally and secured by a deed of trust on his home. Shapiro's testimony as to the financial condition of the corporation at that time was as follows: "... we were in dire circumstances because a trust deed payment of 40 some odd hundred dollars was past due and payable and the deposit of sixty-six [$6,611.32] made that check good."

At the time he received the check for $6,611.32, Shapiro was personally indebted to the plaintiff Leroy for the sum of $10,100. On September 12, 1959, Shapiro drew a check on the bank account in his own favor for the sum of $6,611.32, endorsed it and mailed it to the plaintiff Leroy. Thereafter, he telephoned Leroy. His testimony as to that conversation was as follows: "... I told him that this check ... would be good in a few days, that it represented the payment to him of the partial obligation which I owed to him, and I would let him know very quickly when to deposit the check." In October, the plaintiff Leroy suggested that Shapiro assign his claim against the corporation to him. On October 12 or 13, 1959, Shapiro prepared an assignment and mailed it to Leroy.[1] The sum of $6,611.32 was never repaid to Shapiro by Bella Vista Investment Company.

Placing reliance on *Pacific Vinegar etc. Works* v. *Smith*, 145 Cal. 352 [78 P. 550, 104 Am.St.Rep. 442], the defendant corporation contends that the deposit by Shapiro of $6,611.32 in the bank account which he had opened in the name of the corporation gave rise to no obligation on its part. But the reasoning of that case is not applicable to the factual situa-

---

[1]The document was as follows:

"ASSIGNMENT

"I hereby assign to DAVID LEROY of Cathedral City, California, my claim against BELLA VISTA INVESTMENT CO., a California corporation, in the sum of $6611.32

Los Angeles, California October 13, 1959

[signed] Chas. Shapiro"

tion presently before the court.[2] A corporate officer may make a loan of money to the corporation where he acts fairly and in good faith and the money is needed by the corporation for the purpose of meeting its obligations. (*Trieber* v. *Gayne*, 143 Cal.App.2d 580, 582 [299 P.2d 983]; *Van Denburgh* v. *Tungsten Reef Mines Co.*, 20 Cal.App.2d 463 [67 P.2d 360]; 3 Fletcher, Private Corporations (1947 rev.) § 952; see *Kaiser* v. *Easton*, 151 Cal.App.2d 307, 311 [311 P.2d 108].) In the present case, there was substantial support for the inference that all of the money deposited by Shapiro on September 2, 1959, was used for the purposes of the corporation and inured to its benefit. Under the facts as found by the trial court, it was correctly determined that the loan of $6,611.32 to the corporation gave rise to an obligation on its part to repay that amount to Shapiro. The chose in action became the property of the plaintiff Leroy by virtue of the assignment from Shapiro. (See *W. H. Marston Co.* v. *Central Alaska Fisheries Co.*, 201 Cal. 715, 723 [258 P. 933].) Consequently, with respect to the third cause of action, judgment was properly rendered in favor of the plaintiff Leroy as against the defendant Belle Vista Investment Company.

With respect to the first cause of action, the defendant Bella Vista Investment Company asserts that the checking account in the bank upon which the check of September 12, 1959, was drawn was not its account but was that of Shapiro, and that the act of Shapiro in executing and endorsing the check had no legal effect insofar as the defendant corporation was concerned. But, in view of the fact that the findings of fact relating to the third cause of action have substantial support in the evidence and sustain the judgment in favor of the plaintiff Leroy, it is unnecessary to determine whether the findings of fact as to the first cause of action have suffi-

---

[2] In *Pacific Vinegar etc. Works* v. *Smith*, the Supreme Court stated (145 Cal. at page 361): "It will be observed that no question is involved in this action of the right of a director who has advanced or loaned money to a corporation, to recover it back on a *quantum meruit*, and decisions which sustain such a right have no application. The action at bar is one brought by a director who, as president of the corporation, purchased its notes outright, and caused the corporation, by himself as president, to become indorser of the notes to himself, individually, as indorsee, and is now seeking to enforce such contract of indorsement against his corporation.

"His suit is brought upon an express contract, the making of which and its enforcement are equally prohibited by law."

cient support in the evidence. ■ The applicable law is stated in *Eistrat* v. *Brush Industrial Lumber Co.*, 124 Cal. App.2d 42, at page 45 [268 P.2d 181], as follows: "The rule is settled that if a judgment is sustained by findings in one count of a complaint, which findings, as in the instant case, support the judgment, the fact that other findings are not supported by evidence will not be considered on appeal for the reason that irrespective of the determination of such question the judgment would be affirmed."[3]

■ *A.M.A. Corporation* v. *Belle Vista Investment Company and David C. Leroy* (No. 26636) is an action in interpleader commenced on August 1, 1961. The findings of fact therein were in part as follows: 1. On November 29, 1960, A.M.A. Corporation delivered its promissory note in the principal amount of $12,720, payable on or before July 31, 1961, and bearing interest at the rate of six per cent per annum, to defendant Belle Vista Investment Company.[4] 2. On February 27, 1961, a writ of attachment was issued in the case of *David C. Leroy* v. *Bella Vista Investment Company* (the action heretofore considered in this opinion). On that date, A.M.A. Corporation, as garnishee, made answer that it was indebted to Belle Vista Investment Company in the sum of $12,720, due on July 31, 1961, together with interest thereon at six per cent per annum from February 1, 1961. 3. Prior to the institution of the interpleader action, Belle Vista Investment Company, as payee of the note, demanded payment of the entire sum due thereon and refused to consent to the deposit by A.M.A. Corporation with the marshal or with the clerk of the court of the sum of $7,350.49 which constituted the amount subject to garnishment, or to give A.M.A. Corporation credit upon its obligation under the note for such deposit. 4. For the purpose of discharging its obligation under the promissory note on its due date, July 31, 1961, A.M.A. Corporation deposited the sum of $7,350.49 with the clerk of the superior court upon the filing of the complaint in

---

[3]The defendant corporation also contends that Shapiro undertook to represent the plaintiff Leroy in the collection of $6,611.32 from the corporation while he was still an officer of the corporation. Since any efforts made by him were ineffectual and since no detriment appears to have been suffered by the corporation or benefit received by Leroy as a result of any such arrangement, no purpose would be served by an extensive discussion of the contention.

[4]This obligation had its origin in the transaction wherein the land and buildings occupied by the Bella Vista Community Hospital were sold.

interpleader (August 1, 1961). The deposit was made without a prior order of the court. 5. A.M.A. Corporation is indifferent to the claimants and cannot safely determine for itself to whom the sum should be paid.

The judgment was that A.M.A. Corporation be discharged from liability to Leroy and Belle Vista Investment Company with respect to the amount deposited with the clerk of the court and that it recover therefrom the sum of $400 as attorneys' fees, together with costs, and that the balance of the amount so deposited was due to Belle Vista Investment Company, subject to the writ of attachment of David C. Leroy.

The third action, *Belle Vista Investment Company* v. *Hamark Enterprises, Inc., A.M.A. Corporation,* and *Herman H. Kaye* (No. 26637) was commenced on August 4, 1961. Recovery was sought on the promissory note to which reference has been made hereinabove. In that case the trial court found that interest was due on the principal sum of $12,720 at the rate of 6 per cent per annum from February 1, 1960, to and including July 31, 1961, in the sum of $1,144.80. The court further found that from the total amount of $13,864.80 there should be deducted the sum of $7,350.49, the amount deposited in court in the action in interpleader, leaving a balance due and unpaid as of July 31, 1961, of $6,514.41. Judgment was entered in favor of the plaintiff for that amount, together with interest thereon from August 1, 1961, until the date of entry of judgment, and attorneys' fees and costs.

In view of the conflicting claims made against it, A.M.A. Corporation was warranted in instituting the action in interpleader. (Code Civ. Proc., § 386; cf. *Brunskill* v. *Stutman,* 186 Cal.App.2d 97 [8 Cal.Rptr. 910]; see *Williams* v. *Gilmore,* 51 Cal.App.2d 684, 687 [125 P.2d 539].) ▮ Upon the filing of the action it was proper for A.M.A. Corporation to deposit with the clerk of the court the amount in dispute without first obtaining an order of the court therefor. (Code Civ. Proc., § 386;[5] 2 Witkin, Cal. Procedure, p. 1111.) ▮

[5]Section 386 of the Code of Civil Procedure is in part as follows: "And whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims. The order of substitution may be made and the action of interpleader may be maintained, and the applicant or interpleading party be discharged from liability to all or any of the conflicting claimants, although their titles or claims have not a common origin, or are not identical but are adverse to and independent of one another. The

Such deposit stopped the accrual of interest on the amount deposited. (*Williams* v. *Gilmore, supra,* 51 Cal.App.2d 684, 688; 2 Witkin, Cal. Procedure, p. 1111.) While the promissory note contained a promise to pay "all costs of collection and reasonable attorney's fees incurred by the holder [t]hereof on account of such collection, whether or not suit" was filed thereon, the nature of the suit in interpleader precluded the assessment of such special damages as against A.M.A. Corporation with respect to the amount deposited with the clerk of the court on August 1, 1961.

It is the contention of Belle Vista Investment Company that the steps taken under the writ of attachment issued in the case of *Leroy* v. *Bella Vista Investment Company* were of no legal effect and that, consequently, Leroy had no right to the money deposited by A.M.A. Corporation in the action in interpleader. But, assuming that there is merit in that contention, in the light of an event which occurred after the entry of the judgments it would be futile to remand either the action in interpleader or the action brought by Belle Vista Investment Company on the promissory note to the superior court for further proceedings. That matter will now be discussed.

The notice of appeal in each case was filed on March 14, 1962. Thereafter all parties joined in a stipulation which was filed in this court on June 26, 1962. Pursuant to that stipuation this court made an order on June 27, 1962, that: (a) the clerk of the superior court deliver to the attorneys for David C. Leroy the sum of $7,350.49 which was on deposit in the action in interpleader; (b) the attorney for Bella Vista Investment Company deliver to Leroy's attorneys the additional sum of $2,349.51; (c) the total sum of $9,700 be converted into government bonds registered in the name of Bella Vista Investment Company and the bonds used "as collateral for the posting of a corporate surety stay bond pending appeal, pursuant to Code Civil Procedure, section 942, in the action entitled Leroy v.

---

amount which plaintiff or cross complainant admits to be payable under a contract may be deposited by him with the clerk of the court at the time of the filing of the complaint or cross complaint in interpleader without first obtaining order of the court therefor.

"Any interest on amounts deposited and any right to damages for detention of property so delivered, or its value, shall cease to accrue after the date of such deposit or delivery."

Bella Vista Investment Co."; (d) upon the filing of that bond with the clerk of the court the writ of execution issued in the last named action "shall be recalled and quashed without further order of the Court"; and (e) upon the filing of the bond "the previous garnishment levied by plaintiff upon A.M.A. and upon the Clerk of the Court shall be released forthwith." It thus appears that no money is now in the hands of the clerk of the court in the action in interpleader, that Belle Vista Investment Company has received the benefit of the money formerly deposited in that action, and that the basis of the claim of Leroy to that money in the action in interpleader has been abrogated. Accordingly, no purpose would be accomplished by reversing the respective judgments in the action in interpleader and in the action in which recovery on the promissory note is sought because no further proceedings of substantial consequence could be pursued in the trial court with respect to those matters. ▆ The applicable law is stated in *Sorensen* v. *Coddington,* 79 Cal.App. 199, at page 202 [249 P. 37], as follows: " 'As appellate courts will not decide questions which are moot and which will not affect the rights of the parties, an appeal will be dismissed where all the questions involved in it have become moot and abstract or where, because of the happening of some event, a decision would be ineffectual and could serve no useful purpose' (2 Cal.Jur., p. 749, citing cases) ; and the matter of the payment of the costs of the appeal does not serve as legal grounds or objection to the dismissal of the appeal under such circumstances, the Supreme Court in *Turner* v. *Markham,* 156 Cal. 68 [103 P. 319], having said in this regard: 'This court has often decided that it will not retain an appeal where its consideration and disposition upon the merits will not affect any substantial right of the parties. The mere fact that liability for costs of appeal may be involved does not affect this conclusion. (*Estate of Blythe,* 108 Cal. 124 [41 P. 33] ; *Nelson* v. *Nelson,* 153 Cal. 204 [94 P. 880].)' " (See 3 Witkin, Cal. Procedure, p. 2352.)

The judgment in *Leroy* v. *Bella Vista Investment Company* (No. 26635) is affirmed; the plaintiff and respondent David L. Leroy shall recover his costs on appeal as against the defendant and appellant Bella Vista Investment Company, sometimes known as Belle Vista Investment Company.

The appeal from the judgment in *A.M.A. Corporation* v. *Belle Vista Investment Company and David C. Leroy* (No.

26636) is dismissed; each party shall bear his or its own costs on appeal.

The appeal from the portion of the judgment designated in the notice of appeal in *Belle Vista Investment Company* v. *Hamark Enterprises, Inc., A.M.A. Corporation, and Herman H. Kaye* (No. 26637) is dismissed; each party shall bear his or its own costs on appeal.

Shinn, P. J., and Files, J., concurred.

A petition for a rehearing in Civ. No. 26635 was denied December 10, 1963, and appellant's petition in all three cases for a hearing by the Supreme Court was denied January 7, 1964.