**HAWAIIAN LIFE INSURANCE CO., LTD., Plaintiff**

**v.**

**ANNA R. GRAVES, et al., Defendants**

Civil Case No. 609-78

Superior Court of Guam

September 1, 1978

**WEEKS,** *Judge*

## DECISION

This case comes before the Court on plaintiff Hawaiian Life Insurance Company's motion for preliminary injunction, dismissal of plaintiff and award of attorney fees. The motion was filed on August 21, 1978, and argued September 1, 1978. During the September 1 hearing this Court held that there were adverse claimants to the fund deposited and that interpleader pursuant to Rule 22 was proper.

Initially, it should be noted that prior to the adoption of the Guam Rules of Civil Procedure, interpleader actions were controlled by Civil Procedure Code § 386. After the adoption of the Rules of Civil Procedure, § 386 is of no further effect to the extent that its provisions conflict with Rule 22. See Code of Civil Procedure § 123. Examination of Rule 22 and § 386 indicates that they are not in conflict as they relate to this action.

Plaintiff seeks to enjoin defendants from instituting or prosecuting any action in another court which would affect the subject matter of this action. This Court finds no legal basis for the granting of such injunctive relief.

Had plaintiff been able to proceed in Federal District Court pursuant to the Federal Interpleader Statute[1] (28 U.S.C. Sections 1335, 1397, 2361) or Rule interpleader under Rule 22 such relief would have been available. In-

---

[1] It is not immediately clear that such jurisdiction would lie in the District Court of Guam since 28 U.S.C. Section 1335 creates a remedy only and suits thereunder may not "arise under" a Federal law.

junctions against state court actions are provided for by § 2361 (statutory interpleader) and § 2283 (rule interpleader) of Title 28. However, interpleader in Guam is based on Civil Procedure Code § 386. That Section has been adopted from California and the courts of that state have never recognized the use of injunctions in interpleader actions. Additionally, Federal Court injunctions are directed at court proceedings rather than individuals.

■ Plaintiff also seeks an order dismissing it from this action. As previously noted, this Court held on September 1, 1978, that interpleader was proper procedure under the facts of this case. The fund at issue was deposited with the Clerk of Courts on August 15, 1978. Under these circumstances, plaintiff is entitled to be discharged from liability and freed from the necessity of participating in the litigation between the claimants. See generally *Hancock Oil Company v. Hopkins*, 24 Cal.2d 497, 150 P.2d 463 (1944); *Williams v. Gilmore*, 51 Cal.App.2d 684, 125 P.2d 539 (1942).

■ Finally, plaintiff seeks attorney fees. Historically, federal equity courts have awarded attorney fees to the stakeholder if circumstances made such an award appropriate. *Thomas Kay Woolen Mill Co. v. Sprague*, 259 F. 388 (1919); *McNamara v. Provident Sav. Life Assur. Soc.*, 114 F. 910 (1902). Federal Courts have continued this practice under Rule 22 and the interpleader statutes although fees are not expressly allowed. *Davis v. Prudential Ins. Co. of America*, 331 F.2d 346 (1964). *Globe Indemnity Co. v. Puget Sound Co.*, 154 F.2d 249 (1946).

The California Supreme Court ruled in 1939 that the allowance of attorney fees to the stakeholder was without authority. *Pacific Gas and Electric Co. v. Nakano*, 12 Cal.2d 711, 87 P.2d 700 (1939). The appellate courts have consistently recognized that California cases subsequent to

the adoption of the Guam Codes, while not binding, are persuasive. *Tabor v. Ulloa*, 323 F.2d 823, 824, n.5 (9th Cir. 1963); *Roberto v. Aguon*, 519 F.2d 754 (9th Cir. 1975). It is unclear whether the Federal view or the California position[2] is preferable and should be adopted. Therefore, this Court holds only that attorney fees will not be awarded in this action.

For the foregoing reasons plaintiff's motion is granted as to dismissal and denied as to the injunction and attorney fees.

Plaintiff to submit order.

---

[2] California amended its interpleader statute in 1955 to allow the award of costs and reasonable attorney fees to the stakeholder. See: California Code of Civil Procedure, Section 386.6.