596 P.2d 408 (1979)
UNITED BANK OF DENVER NATIONAL ASSOCIATION, Plaintiff-Appellee,
v.
QUADRANGLE, LTD., a limited partnership, J. W. Skinner, Lawrence Sanders, Robert Sanders, Paul Sanders, and Michael J. Bellamy, all Individually and as general partners of and on behalf of Quadrangle, Ltd., a limited partnership, Sharon Sanders, Roberta Sanders, Mary L. Bellamy, and Susan Skinner, all Individually, Defendants-Appellants.
Nos. 78-873, 79CA0199.
Colorado Court of Appeals, Div. II.
May 18, 1979.
Holme Roberts & Owen, Donald K. Bain, Denver, for plaintiff-appellee.
Cogswell, Chilson, Dominick & Whitelaw, John H. Chilson, Susan D. Proctor, Denver, for defendants-appellants.
SILVERSTEIN, Chief Judge.
Appellants have filed a "Motion to Approve Supersedeas Bond," pursuant to C.A.R. 8(a). The sole issue raised by the motion and the response thereto before this court is whether an irrevocable letter of credit issued by a state bank to secure a supersedeas bond is ultra vires as constituting a guaranty, contrary to § 11-6-101(4), C.R.S.1973. The trial court held that the letter was ultra vires, and disapproved the bond. We hold that the letter of credit is not ultra vires, and is a valid obligation of the bank. A copy of the letter of credit with its Exhibit A is appended hereto as Appendix A.
The issuer of the letter of credit, Guaranty Bank, is a state bank as defined in *409 § 11-1-102(21), C.R.S.1973. Section 11-6-101(4), C.R.S.1973, states:
"Except as expressly permitted in this code a state bank shall not assume liability as . . . a guarantor or endorser of any security instrument or obligation in which, or with respect to which, it has no property interest." (emphasis supplied)
Section 11-7-107(2), C.R.S.1973, provides:
"A state bank may issue letters of credit, but . . . the amount of the credit outstanding at any one time shall be deemed to be a loan to the person for whose account the credit was issued."
The subject letter of credit is a "standby letter of credit" (also referred to as a "guaranty letter of credit," East Bank v. Dovenmuehle, Inc., Colo., 589 P.2d 1361 (1978)) as defined by the Comptroller of Currency, 12 C.F.R. § 7.1160(a) (1978):
"[A]ny letter of credit . . . which represents an obligation to the beneficiary on the part of the issuer . . . (2) to make payment on account of any indebtedness undertaken by the account party, or (3) to make payment on account of any default by the account party in the performance of an obligation."
Similar definitions have been stated by the Federal Reserve Board, 12 C.F.R. § 208.8(d), and the F.D.I.C., Id. § 337.2(a) (1978).
Such letters may be issued, subject to the restrictions in the cited regulations, which provide that the credit, when combined with other extensions of credit, does not exceed the bank's lending limits or the lending limits to the customer. Our Supreme Court, in Dovenmuehle, supra, recognized the wide-spread use of standby letters, and held that a credit which requires a documentary demand and states conspicuously that it is letter of credit, as is the case here, falls within the ambit of the Uniform Commercial Code § 4-5-102(1), C.R.S.1973.
The validity of standby letters of credit has been upheld in many jurisdictions where, as here, the letter creates a binding obligation on the issuer to pay the beneficiary on demand. New Jersey Bank v. Palladino, 77 N.J. 33, 389 A.2d 454 (1978); Republic National Bank v. Northwest National Bank (Tex.) 578 S.W.2d 109 (1978).
The Guaranty Bank, by issuing the letter of credit, does not guarantee the performance of any obligation of appellants, but obligates itself to pay appellee (the beneficiary) on written demand under the terms set forth in the letter. See Dovenmuehle, Inc. v. East Bank, 38 Colo.App. 507, 563 P.2d 24 (1977). Such letters of credit, being authorized by § 11-7-107(2), C.R.S.1973, and falling within the provisions of § 4-5-102(1), C.R.S.1973, are binding, primary obligations dependent solely on presentation of conforming documents, and are, therefore, not ultra vires. See Barclay's Bank D. C. O. v. Mercantile National Bank, 481 F.2d 1224 (5th Cir. 1973).
The order of the trial court denying approval of the letter of credit as security for the supersedeas bond is reversed, and the cause is remanded for reconsideration of the motion to approve bond, in accordance with the views herein expressed.
ENOCH and VanCISE, JJ., concur.
*410 
*411