413 So.2d 416 (1982)
IDEAL FOODS, INC., Appellant,
v.
ACTION LEASING CORPORATION, a Florida Corporation, Appellee.
No. 81-1067.
District Court of Appeal of Florida, Fifth District.
April 14, 1982.
Rehearing Denied May 6, 1982.
*417 Raymond J. Rotella, of Zinkow, Kosto & Rotella, Orlando, for appellant.
Richard H. Adams, Jr., and Russell W. Divine of Adams, Fassett & Divine, P.A., Orlando, for appellee.
COBB, Judge.
The issue in this case is whether Richard Maru, the secretary-treasurer and minority shareholder of the appellant-defendant, Ideal Foods, Inc. (Ideal), had the authority to bind Ideal in certain leases with the plaintiff-appellee, Action Leasing Corporation (ALCO). Because Maru had no such authority, we reverse.
ALCO sued to recover on leases signed by Maru. Ideal defended on the ground that Maru lacked authority to bind it. In order to bind Ideal in this case, Maru must have had either (1) inherent authority, i.e., authority by virtue of his position in the company, or (2) apparent authority, i.e., the authority the principal knowingly permits his agent to assume or which the principal by his actions or words holds out the agent as possessing. Neither as shareholder nor as secretary-treasurer did Maru have the inherent authority to bind Ideal. The secretary of a corporation, merely as such, is a ministerial officer, without authority to transact the business of the corporation upon his volition and judgment. People v. International Steel Corp., 102 Cal. App.2d Supp. 935, 226 P.2d 587 (1951). Similarly, a treasurer has no authority to bind a corporation in dealings with third persons unless expressly or impliedly authorized to do so. 19 C.J.S. Corporations § 1001 (1940).[1] Maru had no inherent authority to bind Ideal; any liability must have been predicated upon principles of apparent authority.
*418 Maru had no such apparent authority. Apparent authority is grounded in estoppel. Stiles v. Gordon Land Co., 44 So.2d 417 (Fla. 1950). Its three primary elements are: (1) representation by the principal, (2) reliance upon that representation by a third person, and (3) a change of position by the third person in reliance upon such representation. Fidelity and Casualty Co. v. D.N. Morrison Construction Co., 116 Fla. 66, 156 So. 385 (1934), appeal dismissed, 293 U.S. 534, 55 S.Ct. 348, 79 L.Ed. 642 (1935); H.S.A., Inc. v. Harris-In-Hollywood, Inc., 285 So.2d 690 (Fla. 4th DCA 1973), cert. dismissed, 290 So.2d 493 (Fla. 1974). In the present case, Maru had been working solely at Ideal's subsidiary for approximately six months before he signed the contracts with ALCO. Additionally, ALCO's representative knew that Maru no longer ran Ideal. The proof, therefore, does not support a finding of apparent authority.
Because Maru lacked both inherent and apparent authority to bind Ideal contractually, the trial court erred by finding in favor of ALCO.[2] We therefore reverse for entry of judgment in favor of Ideal.[3]
REVERSED AND REMANDED WITH INSTRUCTIONS.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Like every other corporate agent, a secretary-treasurer may have more extensive functions then those ordinarily incident to the office. See Van Denburgh v. Tungsten Reef Mines Co., 20 Cal. App.2d 463, 67 P.2d 360 (1937). While Maru had at one time been Ideal's general manager, he had left Ideal to work at its wholly-owned subsidiary approximately six months before entering into the leases upon which his motion was based.
[2] ALCO argues David Sass, who was not even an employee of Ideal, had authority to bind Ideal. Even upon apparent authority grounds this contention is without merit because ALCO's representative testified that he knew Sass was not an officer of Ideal, and further knew that Sass had no authority to sign anything.
[3] Because the issue of ratification was not pleaded below, we do not consider it for the first time on appeal.