Joseph A. VENTO, Plaintiff–Appellant,

v.

**COLORADO NATIONAL BANK,** Defendant–Appellee.

No. 97CA1814.

Colorado Court of Appeals, Div. V.

Feb. 4, 1999.

Rehearing Denied March 18, 1999.

Certiorari Denied Sept. 20, 1999.*

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1998.

* Justice Rice does not participate.

Joseph A. Vento, Pro se

Otten, Johnson, Robinson, Neff & Rago-netti, P.C., David W. Stark, Patricia A. Thatcher, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge MARQUEZ.

Plaintiff, Joseph A. Vento, appeals from an order of the Pueblo County District Court (trial court) entering a satisfaction of judgment in favor of defendant, Colorado National Bank (CNB), and allowing CNB to release a letter of credit it had posted in lieu of a supersedeas bond. We affirm.

In June 1993, plaintiff and Cecilia DeFellipie (now deceased) each obtained judgments in the trial court against CNB in the amount of $931,962.50. CNB appealed the judgments and also sought a stay of execution. The trial court granted a stay based upon CNB's filing of a $4 million letter of credit. In *Vento v. Colorado National Bank*, 907 P.2d 642 (Colo.App.1995), a division of this court affirmed the judgments and the supreme court later denied CNB's certiorari petition.

During the appeal process, CNB became aware that parties other than the judgment creditors were claiming interests in the judgment proceeds. As a result of these conflicting claims, CNB filed an interpleader action in the Denver Probate Court (the interpleader action). On January 3, 1996, the probate court ordered CNB to transfer $4.4 million, representing the judgments and interest accrued to that date, into the probate court's Norwest Bank account for the benefit of the judgment creditors. The order further provided that, upon transfer of those funds, CNB "shall be considered to have satisfied the judgment[s]. . . ." Plaintiff filed an appeal from that order which this court dismissed with prejudice on August 9, 1996.

After a five-day trial, the probate court entered an order dividing the judgments among plaintiff, DeFellipie's estate, and plaintiff's lawyer. The probate court determined that plaintiff was entitled to a portion of the interpled funds totaling approximately $2.9 million. Plaintiff did not appeal that judgment.

Citing its $4.4 million deposit in the interpleader action and the ultimate resolution of that action through the probate court's division of the judgment proceeds, CNB thereafter filed a motion for entry of satisfaction of judgment in the trial court. Plaintiff objected, primarily because he had not yet received payment in the interpleader action.

The trial court conducted a hearing in which it took judicial notice of the orders entered in the interpleader action. Upon reviewing those orders, the trial court ordered the clerk to "enter satisfaction in full of the judgment" and further ordered that CNB could release the letter of credit it had posted as a supersedeas bond. Plaintiff now appeals from that order.

CNB filed a motion to dismiss the appeal on the grounds that the issues raised have been rendered moot. However, at oral argument before the court on December 22, 1998, CNB withdrew that motion and requested that we address the merits of the appeal.

## I.

■ Plaintiff first contends that the trial court lacked jurisdiction to enter a satisfaction of judgment based upon CNB's payment of funds to the probate court in the interpleader action. We disagree.

■ Subject matter jurisdiction concerns the court's authority to deal with the class of cases in which it renders judgment. *Dallas Creek Water Co. v. Huey*, 933 P.2d 27 (Colo. 1997).

■ The action here was originally filed in Pueblo County District Court and that court has continuing jurisdiction over the parties to this appeal. Further, C.R.C.P. 58(b) authorizes the court to enter satisfaction of judgment on behalf of a judgment debtor, even though a judgment creditor refuses to acknowledge payment, so long as the judgment debtor has paid the judgment amount into the court registry. *See Bassett v. Eagle Telecommunications, Inc.*, 750 P.2d 73 (Colo. App.1987); *see also Osborn Hardware Co. v. Colorado Corp.*, 32 Colo.App. 254, 510 P.2d 461 (1973)(court has the authority to order a satisfaction of judgment even though there has not been an acknowledgment of payment by the judgment creditor).

Here, plaintiff contends that the trial court's order was erroneous. However, he has not explained why the trial court was without jurisdiction to enter a satisfaction of judgment order as to judgments the trial court itself entered in 1993. *See Board of County Commissioners v. Collard*, 827 P.2d 546 (Colo.1992) (subject matter jurisdiction does not fail just because a court reaches an erroneous decision or grants a flawed decree). Consequently, we are not persuaded that the trial court lacked jurisdiction to enter the order being appealed in this case.

## II.

■ Plaintiff next contends that the trial court erred in entering the satisfaction of judgment without making a finding of actual payment by CNB to the judgment creditors. Again, we disagree.

Here, plaintiff does not dispute either the fact that CNB deposited $4.4 million in the interpleader action in Denver Probate Court or that such amount reflected the amount of the judgments plus interest accruing to the date of that deposit. We perceive no error in the trial court's conclusion that the judgments were satisfied as of the date of its order based upon CNB's deposit of funds in the interpleader action.

■ Plaintiff, nevertheless, claims the trial court erred in ordering the satisfaction of the judgment because any amount plaintiff was to receive would not include post-judgment interest accruing after CNB deposited the funds in the interpleader action. However, the trial court correctly determined that the judgments were fully satisfied without payment of such interest. Indeed, the generally accepted rule is that interest ceases to accrue on funds deposited by a stakeholder in an interpleader action during the time the funds are on deposit with the court. *See Canal Insurance Co. v. Pizer*, 183 Ariz. 162, 901 P.2d 1192 (1995)(pre-judgment interest); *Williams v. Gilmore*, 51 Cal.App.2d 684, 125 P.2d 539 (1942)(post-judgment interest); Annot., *Allowance of Interest on Interpleaded or Impleaded Disputed Funds*, 15 A.L.R.2d 473 (1951)(noting general view that stakeholder "is not chargeable with interest after the deposit of [disputed] funds into the court"); *see also Ritter v. Wysowatcky*, 32 Colo.App. 410, 514 P.2d 333 (1973)(statute allowing judgment creditors to receive interest does not apply to a judgment determining the right to funds interpled into court).

Based upon the circumstances of the interpleader action, we conclude that the trial court properly determined that CNB had satisfied the judgments entered in this case.

## III.

We also disagree with plaintiff's contention that the trial court's order lacked adequate findings.

Plaintiff specifically argues that the trial court's findings did not satisfy the requirements of C.R.C.P. 52, which rule requires findings of fact sufficient to give the appellate court a clear understanding of the grounds for the trial court's decision. However, even if we assume, *arguendo* that C.R.C.P. 52 applies here, *see Leidy's, Inc. v. H2O Engineering, Inc.*, 811 P.2d 38 (Colo. 1991), the trial court's findings allow us to understand the basis of its order. Thus, there has been sufficient compliance with C.R.C.P. 52. *See Denver v. Ameritrust Co. National Ass'n*, 832 P.2d 1054 (Colo.App. 1992).

## IV.

 Plaintiff next contends that the trial court erred in taking judicial notice of the orders entered in the interpleader action. We do not agree.

 Plaintiff correctly asserts that courts generally do not judicially notice records and facts in proceedings from other courts. However, one recognized exception to this general rule is that a court may take judicial notice of the contents of court records in a related proceeding. *See Green v. Warden, U.S. Penitentiary*, 699 F.2d 364 (7th Cir.), *cert. denied*, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983)(court may take judicial notice of proceedings of its own and other court systems that are directly related to issues at hand); *St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corp.*, 605 F.2d 1169 (10th Cir.1979)(federal courts may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue); *see also People v. Schwartz*, 890 P.2d 82 (Colo.1995)(in disciplinary proceeding, supreme court took judicial notice of attorney's district court criminal convictions).

Here, because the interpleader action was directly related to this case and involved the same parties, we perceive no error or abuse of discretion by the trial court's taking judicial notice of orders entered in that proceeding.

## V.

 Finally, we disagree with plaintiff's contention that the trial court erred in releasing CNB's $4 million letter of credit.

 Plaintiff argues that "there is no way for a letter of credit to be released without the consent of the beneficiary." However, plaintiff does not dispute that CNB issued the letter of credit in favor of the trial court rather than the judgment creditors. Thus, we fail to see why the trial court, as beneficiary, was precluded from releasing the letter of credit.

Furthermore, CNB posted the letter of credit in lieu of a supersedeas bond. *See United Bank v. Quadrangle, Ltd.*, 42 Colo. App. 486, 596 P.2d 408 (1979); C.R.C.P. 121 § 1–23(4).

 Satisfaction of judgment generally operates to discharge such a bond as to both the principal and surety. *See Giles v. De Cow*, 35 Colo. 135, 83 P. 638 (1905)(quoting authority holding that whatever discharges the underlying judgment also discharges liability of the obligors on an appeal bond).

As discussed above, the trial court correctly determined that CNB satisfied the underlying judgments. Consequently, insofar as the letter of credit was serving as an appeal bond, the trial court properly allowed its release.

The order is affirmed.

Chief Judge HUME and Judge TAUBMAN concur.